Katherine GREENE, Plaintiff,

v.

BODDIE–NOELL ENTERPRISES, INC., t/a Hardees, Defendant.

Civil Action No. 97–17–B.

United States District Court, W.D. Virginia. Big Stone Gap Division.

June 12, 1997.

---

**6.** Given my ruling, it is not necessary to address the individual defendants' claims of qualified im-

munity.

*I*

The circumstances surrounding the accident in which the plaintiff, Katherine Greene, was injured are set forth in the depositions submitted in support of the motion for summary judgment.

Greene was a passenger in a car driven by her boyfriend, Chris Blevins, on the morning of December 31, 1994, when he purchased food and drink from the drive-through window of the Hardee's restaurant in Wise, Virginia, operated by the defendant. Blevins paid the Hardees' employee and received an order of gravy and biscuits, a steak biscuit, juice for Greene, and coffee for himself. He immediately handed the food and beverages to Greene. The food was on a plate, and the beverages were in cups. Greene placed the plate on her lap and held a cup in each hand. According to Greene, the Styrofoam coffee cup was comfortable to hold, and had a lid on the top, although she did not notice whether the lid was fully attached.

Blevins drove out of the restaurant parking lot, and over a "bad dip" at the point at which the lot meets the road. When the front tires of the car went slowly across the dip, the coffee "splashed out" on Greene, burning her legs through her clothes. Blevins remembers Greene exclaiming, "the lid came off." She did not look at the cup until the coffee burned her, and does not know whether the cup was tilted in one direction or another when the coffee spilled out.

As soon as the coffee burned her, Greene threw the food and drink to the floor of the car, and in the process stepped on the coffee cup. When the cup was later retrieved from the floor of the car, the bottom of the cup was damaged, and the lid was at least partially off of the top of the cup.

After Greene was burned by the coffee, Blevins drove her to the emergency room of a local hospital, where she was treated. She missed eleven days of work, and suffered permanent scarring to her thighs.

Both Greene and Blevins testified that they had heard of the "McDonalds' coffee

Anthony E. Collins, Wise, VA, for Plaintiff.

Melissa Walker Robinson, Cathleen Kailani Memmer, Gentry, Locke, Rakes & Moore, Roanoke, VA, for Defendant.

**OPINION**

JONES, District Judge.

In this products liability case, the plaintiff contends that she was badly burned by hot coffee purchased from the drive-through window of a fast food restaurant, when the coffee spilled on her after it had been handed to her by the driver of the vehicle. The defendant restaurant operator moves for summary judgment on the ground that the plaintiff cannot show a prima facie case of liability. I agree, and dismiss the case.

case" prior to this incident[1] and Greene testified that while she was not a coffee drinker, she had been aware that if coffee spilled on her, it would burn her. After the accident, Greene gave a recorded statement to a representative of the defendant in which she stated, "I know the lid wasn't on there good. It came off too easy."

The plaintiff filed an action against the defendant as a result of this accident in state court on October 21, 1996, and the defendant removed the case to this court, based on the court's diversity jurisdiction.[2] In her suit, the plaintiff contends that the defendant impliedly warranted that the coffee sold was fit for consumption and that because of its extreme heat and improperly attached cup lid, it was not as warranted.[3] It is also alleged that the defendant was negligent in failing to warn the plaintiff of the heat of the coffee and of the improperly attached cup lid.

Following discovery depositions of the plaintiff and Blevins, the defendant has moved for summary judgment in its favor. Oral argument has been presented and the motion is ripe for decision.

## II

Where, as here, the nonmoving party has the burden of proof at trial, the party moving for summary judgment must point out to the court the absence of evidence to support the nonmoving party's case. Fed.R.Civ.P. 56; *Celotex Corp. v. Catrett,* 477 U.S. 317, 325, 106 S.Ct. 2548, 2553–54, 91 L.Ed.2d 265 (1986). Once the movant makes a properly supported showing, the burden shifts to the nonmoving party to demonstrate the existence of a genuine factual dispute. *Celotex,* 477 U.S. at 324, 106 S.Ct. at 2553. The nonmovant cannot rely merely on the allegations of her complaint, however, but must produce sufficient evidence in opposition to the moving party's motion. *Id.* Virginia substantive law is to be applied to determine the necessary elements of the plaintiff's claim. *Alevromagiros v. Hechinger Co.,* 993 F.2d 417, 420 (4th Cir.1993).

## III

To prove a case of liability in Virginia, a plaintiff must show that a product had a defect which rendered it unreasonably dangerous for ordinary or foreseeable use. *Id.* In order to meet this burden, a plaintiff must offer proof that the product violated a prevailing safety standard, whether the standard comes from business, government or reasonable consumer expectation. *Redman v. John D. Brush & Co.,* 111 F.3d 1174, 1178 (4th Cir.1997).

Here the plaintiff has offered no such proof.[4] There is no evidence that either the heat of the coffee or the security of the coffee cup lid violated any applicable standard. Do other fast food restaurants serve

1. On August 17, 1994, a state court jury in Albuquerque, New Mexico, awarded 81–year old Stella Liebeck $160,000 in compensatory damages and $2.7 million in punitive damages, after she was burned by coffee purchased from a drive-through window at a McDonalds restaurant. The trial judge later reduced the punitive damages to $480,000, and the parties settled the case before an appeal. According to news reports, Mrs. Liebeck contended that for taste reasons McDonalds served coffee about 20 degrees hotter than other fast food restaurants, and in spite of numerous complaints, had made a conscious decision not to warn customers of the possibility of serious burns. The jury's verdict received worldwide attention. *See* Andrea Gerlin, *A Matter of Degree: How a Jury Decided That One Coffee Spill Is Worth $2.9 Million,* Wall St. J. Europe, Sept. 2, 1994, *available in* 1994 WL–WSJE 2037634.

2. 28 U.S.C.A. § 1332 (West 1993 & Supp.1997).

3. Under the Virginia Uniform Commercial Code, the sale of food or drink implies a warranty of merchantability, meaning that the goods are fit for the purposes for which such goods are used and are adequately contained, packaged, and labeled "as the agreement may require." Va.Code Ann. § 8.2–314 (Michie 1991). The suit papers also allege a breach of express warranty, but no such express warranty has been identified.

4. The plaintiff filed no response to the motion for summary judgment, and relies solely on the deposition testimony of herself and her boyfriend. While I decide the motion on its merits, a failure to respond to a motion for summary judgment, in violation of the scheduling order, may itself justify granting the motion, under certain circumstances. *See Begley v. Gehl Co.,* No. 96–1493, 1997 WL 278984, at *2 (4th Cir. May 27, 1997) (unpublished). Counsel for the plaintiff conceded at oral argument that the plaintiff has no evidence of violation of a prevailing safety standard.

coffee at a lower temperature, or with lids which will prevent spills even when passing over an obstruction in the road? Do customers expect cooler coffee, which may be less tasty, or cups which may be more secure, but harder to unfasten?

In fact, the plaintiff testified that she knew, and therefore expected, that the coffee would be hot enough to burn her if it spilled. While she also expressed the opinion that the cup lid was too loose, that testimony does not substitute for evidence of a generally applicable standard or consumer expectation, since "[the plaintiff's] subjective expectations are insufficient to establish what degree of protection ... society expects from [the product]." *Id.* at 1181.

 The plaintiff argues that the mere fact that she was burned shows that the product was dangerously defective, either by being too hot or by having a lid which came off unexpectedly. But it is settled in Virginia that the happening of an accident is not sufficient proof of liability, even in products cases. *Featherall v. Firestone Tire & Rubber Co.*, 219 Va. 949, 252 S.E.2d 358, 368 (1979). This is not like the case of a foreign substance being found in a soft drink bottle, where a presumption of negligence arises. *Pepsi–Cola Bottling Co. v. McCullers*, 189 Va. 89, 52 S.E.2d 257, 259 (1949).

To be merchantable, a product need not be foolproof, or perfect. As one noted treatise has expressed, "[i]t is the lawyer's challenging job to define the term 'merchantability' in [the] case in some objective way so that the court or jury can make a determination whether that standard has been breached." James J. White & Robert S. Summers, *Handbook of the Law Under the Uniform Commercial Code* § 9.7, at 356 (2d ed.1980).

In the present case, there has been no showing that a reasonable seller of coffee would not conclude that the beverage must be sold hot enough to be palatable to consumers, even though it is hot enough to burn other parts of the body. A reasonable seller might also conclude that patrons desire cof-fee lids which prevent spillage in ordinary handling, but are not tight enough to avert a spill under other circumstances, such as when driving over a bump. It was the plaintiff's obligation to demonstrate that she had proof that the defendant breached a recognizable standard, and that such proof is sufficient to justify a verdict in her favor at trial. She has not done so, and accordingly the motion for summary judgment must be granted.[5]

An appropriate final judgment will be entered.

### FINAL JUDGMENT

For the reasons set forth in the opinion accompanying this final judgment, it is **ORDERED** and **ADJUDGED** that the defendant's motion for summary judgment is granted and final judgment on the merits is entered in favor of the defendant.

The clerk is directed to close the case.

---

5. The plaintiff has also alleged a failure to warn, but without proof of actual or constructive notice of a dangerous product, there was no such duty.

*See Ellis v. International Playtex, Inc.*, 745 F.2d 292, 306 (4th Cir.1984).