DAVIS, Circuit Judge,
dissenting:
The majority vacates the district court’s orders granting judgment as a matter of law in favor of Roth, L.L.C., and John Doe (collectively, “Roth”) and summary judgment in favor of McDonald’s Corporation and remands for a new trial. I respectfully dissent because, in my view, the district court: (1) did not abuse its discretion in excluding the unidentified employee’s alleged statement as inadmissible hearsay, and, in any event (2) properly entered judgment as a matter of law in favor of Roth because Sutton failed to provide evidence of a standard of care.
I.
The majority correctly analyzes the admissibility of the employee’s alleged statement, “This is what happens to the chicken sandwiches when they aren’t drained properly,” J.A. 12, under Fed.R.Evid. 801(d)(2)(D).[1] Under Rule 801(d)(2)(D), a statement is not hearsay if the statement was made by an agent regarding a matter within the scope of the agency. Indeed, the agent “need not have the authority to make the statement at issue, but rather the subject of the statement must relate to the employee’s area of authority.” United States v. Brothers Constr. Co., 219 F.3d 300, 311 (4th Cir.2000).
The majority accepts Sutton’s meager proof, that the declarant “was wearing a McDonald’s uniform, helped fill Sutton’s order, and responded to questions about McDonald’s while working at a McDonald’s restaurant,” Majority Op. at 548, as sufficient to satisfy the alleged statement’s admissibility under the rule. Respectfully, I take a contrary view, bearing in mind the standard of review, because *551 scope of employment is exactly what Rule 801(d)(2)(D) primarily concerns. See, e.g., Cline v. Roadway Express, Inc., 689 F.2d 481 (4th Cir.1982); Precision Piping & Instruments, Inc., 951 F.2d at 620. Indeed, the Eleventh Circuit has cautioned against the admission of statements under Rule 801(d)(2)(D) when there is insufficient foundational evidence regarding the scope of the declarant’s employment:
[A]lthough the necessary proof may certainly be circumstantial, there must be an adequate foundational showing ... that the subject of the statement ‘concerned a matter’ which was within [the] scope of the speaker’s agency or employment. Merely showing that a statement was made by one who is identified generally as an agent or employee of the party, without some further proof as to ... the scope of his employment ... establishes neither.
Wilkinson v. Carnival Cruise Lines, Inc., 920 F.2d 1560, 1566 (11th Cir.1991) (quoting White Indus. v. Cessna Aircraft Co., 611 F.Supp. 1049, 1064 (W.D.Mo.1985)).
Rule 801(d)(2)(D) requires an affirmative showing of the declarant-employee’s area of authority. Here, the employee was unidentified. She could have been hired to clean the facility, work the cash register, take inventory, etc. Sutton presented no evidence regarding the identity of the worker who prepared the sandwich. Indeed, for all that appears, it is possible that the declarant was not even on duty that night.
Thus, at best, it is unclear whether the unidentified employee had such duties as to empower her to speak about food preparation and to permit any such statement to be admitted against Roth under Rule 801(d)(2)(D). In short, there is a dearth of evidence regarding the declarant-employ-ee’s area of authority. (Of course, Sutton, his wife, and his son had it fully within their power, on the morning of the incident, to record the identities of the two young women present on behalf of the restaurant; their failure to do so is regrettable, but they must live with the consequences of their inaction.) The district court committed no abuse of discretion in ruling on the admissibility of the alleged statement.
II.
The majority holds that, had the employee’s alleged statement been admitted, Sutton would have successfully made out claims for traditional negligence and breach of implied warranty of merchantability against Roth. I respectfully disagree. As explained above, the employee’s alleged statement was properly excluded. Even if the alleged statement had been admitted, however, Sutton would still have failed to establish the proper standard of care and any breach thereof.
In order to make out a prima facie case of negligence or breach of warranty, a plaintiff must establish, inter alia, a relevant standard of care and lack of fitness of the accused product, respectively. See Didato v. Strehler, 262 Va. 617, 554 S.E.2d 42, 47 (2001); Delk v. Columbia/HCA Healthcare Corp., 259 Va. 125, 523 S.E.2d 826, 830 (2000). Sutton sought to avoid these requirements by characterizing this case as an “unwholesome food case.” The majority correctly rejects that characterization.
Nevertheless, the majority relies on a case, never cited by Sutton or discussed by the parties, for the proposition that evidence of the “reasonable expectations of consumers” may constitute evidence of the standard of care in a products liability case under Virginia law. Alevromagiros v. Hechinger Co., 993 F.2d 417, 420 (4th Cir.1993). But the dicta from Alevromagiros on which the majority relies does not do *552 the work that the majority would have it do.
First, it is unclear whether Alevromagi-ros states, even in its dicta, a principle of Virginia law.[2] This is because that case cites as support for its dicta another Fourth Circuit case interpreting Kentucky law. See Sexton By and Through Sexton v. Bell Helmets, Inc., 926 F.2d 331 (4th Cir.1991). See 993 F.2d at 420.
Even more fundamentally, Sexton explained the operation of the supposed “consumer expectations” test as follows:
While government and industry standards are readily identifiable for a given product at a given time, the reasonable expectation of purchasers requires a factual examination of what society demanded or expected from a product. This may be proved from evidence of actual industry practices, knowledge at the time of other injuries, knowledge of dangers, the existence of published literature, and from direct evidence of what reasonable purchasers considered defective at the time. While society demands and expects a reasonably safe product, an examination of societal standards at any given point in time usually reveals an expectation that balances known nsks and dangers against the feasibility and practicability of applying any given technology.
Id. at 337 (emphases added). Thus, as can be seen, even were it assumed that a “consumer expectations” test applies here, Sutton’s burden of proof is not remotely satisfied merely by testimony from himself and his son that they (together with their dinner companions) thought the chicken sandwich was “negligently prepared” or “defective.” Rather, the test is an objective one, informed by societal standards. Id. Sutton never undertook to offer such evidence because, again, his theory was that this is an “unwholesome food” case.
Consequently, Sutton presented no expert testimony establishing a standard of care for the preparation of fast foods. This failure was and is fatal to his case because, as a matter of law, however “hot,” the sandwich was, it was not “unwholesome” and in Virginia, “[e]xpert testimony is ordinarily necessary to establish the appropriate standard of care.” Beverly Enterprises-Virginia, Inc. v. Nichols, 247 Va. 264, 441 S.E.2d 1, 3 (1994), citing Raines v. Lutz, 231 Va. 110, 341 S.E.2d 194, 196 (1986). The employee’s alleged statement that, “This is what happens to the sandwiches when they aren’t drained completely,” J.A. 12, does not establish the requisite standard of care, or substitute for such evidence.
This case is most analogous to Greene v. Boddie-Noell Enterprises, Inc., 966 F.Supp. 416, 417 (W.D.Va.1997), in which a customer sued a fast food restaurant after he suffered burns from spilled hot coffee purchased at a drive-thru window. In Greene, the plaintiff failed to offer evidence of the standard of care and the defendant’s breach of that standard. Id. at 417. Specifically, the plaintiff did not offer evidence that the coffee was too hot or the coffee lid was unsecured, thereby violating industry standards for safety. Id. The fact that plaintiff was burned was not proof of the product’s defect. Id. at 419. According to the court, “a product need not be foolproof, or perfect.” Id.; see Austin v. W.H. Braum, Inc., 249 F.3d 805, 805 (8th Cir.2001) (ruling that the *553 high temperature at which hot chocolate was served did not render the drink unreasonably dangerous); Holowaty v. McDonald’s Corp., 10 F.Supp.2d 1078, 1083 (D.Minn.1998) (granting summary judgment in favor of McDonald’s where no evidence existed that coffee purchased was hotter than usual for commercially brewed coffee). Similarly, Sutton failed to offer evidence establishing any relevant standard as to the amount, location, and temperature of hot grease in a fried fast food chicken sandwich. Accordingly, the district court did not err in granting the motion for judgment at the close of the plaintiffs case.
III.
In light of the above, I find it unnecessary to consider whether the district court erred in granting summary judgment dismissing defendant McDonald’s Corporation from the case. Plaintiff failed to offer sufficient evidence against the ostensible agent, Roth, and so his claims fail as a matter of law as to the alleged principal, McDonald’s Corporation.
IV.
For the reasons stated above, I respectfully dissent.

. It is unclear under which rule of evidence the district court excluded the employee statement. In their briefs and during oral arguments, counsel referred to both Fed.R.Evid. 801(d)(2)(C) and 801(d)(2)(D). It is clear, however, that the employee statement does not fall under Fed.R.Evid. 801(d)(2)(C). Pursuant to Fed.R.Evid. 801(d)(2)(C), Sutton would have had to show that the clerk was authorized by Roth to make the alleged admission. Precision Piping & Instruments, Inc. v. B.I. du Pont de Nemours & Co., 951 F.2d 613, 619 (4th Cir.1991). There was no such authorization here.

. In Alevromagiros this court affirmed a directed verdict for the defendant because there was no evidence of a violation of an established standard of care. 993 F.2d at 421-22. The plaintiff failed to present (1) expert testimony stating that the allegedly defective ladder sold to the plaintiff failed to conform to published industry standards and (2) evidence regarding the reasonable expectations of consumers.