**Helen LAMKIN and George Lamkin, Plaintiffs,**

v.

**BRANIFF AIRLINES, INC., Defendant.**

Civ. A. No. 87–422–RCL.

United States District Court, D. Massachusetts.

May 26, 1994.

---

Emmanuel N. Papanickolas, Peabody, MA, for plaintiffs.

Peter J. Black, Meehan, Boyle & Cohen, P.C., Boston, MA, for defendant.

## MEMORANDUM AND ORDER

LINDSAY, District Judge.

The defendant in this action, Braniff Airlines, Inc. ("Braniff") has moved for summary judgment against the plaintiffs, Helen and George Lamkin.

### 1. *Facts.*

The facts, summarized in the light most favorable to the plaintiffs, are as follows.

On March 15, 1985, Helen and George Lamkin, a married couple, were passengers on Braniff flight 500 from Miami to Boston. Shortly after take-off, a Braniff flight attendant served hot coffee to Helen Lamkin in a styrofoam coffee cup with a narrow base. The cup did not have any warning labels on it, and Braniff gave no warnings to Mrs. Lamkin about the temperature of the coffee. Mrs. Lamkin put the coffee on a folding shelf attached to the seat in front of her. The passenger seated in front of her moved the seat backwards, which caused the coffee cup on the folding shelf to spill its contents onto Mrs. Lamkin's lap. Mrs. Lamkin sustained what was later diagnosed as second and third degree burns from the coffee. She went to the bathroom to attend to the burns. The flight crew had no ice packs to apply to the burns, but Mr. Lamkin applied ice, apparently from the aircraft's galley, to the burned area.

On the day following the incident, a defective coffeemaker was removed from the plane on which Mrs. Lamkin was injured. The evidence does not reveal the precise defect in the coffeemaker, except that a note on a Braniff services form states that "there was no power to brew".

Mrs. Lamkin filed suit against Braniff, claiming negligence in hiring, instructing and training of its flight personnel in serving hot coffee and providing first aid, and in Braniff's use of an allegedly defective coffeemaker, seats, cup and folding shelves. She also claimed that Braniff was negligent in failing to warn her about the excessively high temperature of the coffee, and in failing to warn the passengers about the hazards of moving a seat back. Mr. Lamkin asserted a claim for loss of consortium.

The plaintiffs offered one expert, Stephen Chapdelaine, an aviation safety expert. He testified at deposition that he had no opinion as to whether the seat tray was defective; that he had no information on which to base an opinion that Braniff's procedures or training for in-flight services were negligent; that he knew nothing about proper or safe temperatures for coffee on airplanes; and that he knew nothing about the proper and safe functioning of an airplane's coffeemaker.

### 2. *Discussion.*

Summary judgment is appropriate when "based upon the pleadings, affidavits, and depositions, 'there is no genuine issue as to any material fact,' and where 'the moving party is entitled to judgment as a matter of law.'" *FDIC v. Anchor Properties,* 13 F.3d 27, 30 (1st Cir.1994), *quoting* Fed.R.Civ.P. 56(c) *and citing Gaskell v. Harvard Co–Op Soc'y,* 3 F.3d 495, 497 (1st Cir.1993).[1]

#### a. *Negligence.*

■ The plaintiffs have shown (a) that Mrs. Lamkin was burned by hot coffee

---

1. The Court accepts the parties' assumption, not argued by them, that Massachusetts law applies to this case. When parties brief and argue a case on the assumption that a particular state's law

served by Braniff and (b) that a defective machine was removed the next day. The question thus raised is whether the plaintiffs have shown enough to support a finding by a factfinder that Braniff was negligent. The Court concludes that they have not.

The plaintiffs have failed to offer any evidence that Braniff knew or should have known that there was a defect in the coffeemaker which would cause it to brew extremely hot coffee. Indeed, the plaintiffs have not even shown that there was a defect in the coffeemaker that caused it to brew extremely hot coffee. The plaintiffs have not offered any evidence to show that Braniff or any of its employees knew or should have known that the coffee which was actually served to Mrs. Lamkin was extremely hot.[2] In short, the plaintiffs have simply failed to offer any evidence which would support a finding of negligence.

■ The plaintiffs cannot prevail on their failure to warn claim because Mrs. Lamkin was aware that the coffee was hot. The complaint states that "Helen Lamkin set the coffee upon a folding shelf attached to the seat in front of her *to allow the coffee to cool* before she drank it." (emphasis added) One needs no warning if he or she is aware of the danger as to which a warning would apply. *Colter v. Barber–Greene Co.*, 403 Mass. 50,

525 N.E.2d 1305, 1312 (1988). Moreover, the plaintiffs have not shown that any Braniff employees were aware that the coffee was hot enough to burn Mrs. Lamkin; i.e., that any Braniff employees knew or should have known that there was anything unusual about which Mrs. Lamkin should have been warned.

In addition, the plaintiffs have not offered any evidence to suggest that the flight attendants on her flight acted negligently with respect to Mrs. Lamkin's care after the coffee spilled. The plaintiffs have also failed to show how any behavior of the flight attendants after the coffee spilled exacerbated her injury. Finally, the plaintiffs have not offered any evidence as to how the seats, seat trays or cups were defective.

The preceding discussion effectively resolves this case. However, the plaintiffs raised two issues at the hearing on this motion which the court will also address.

### b. *Common Carrier*

At the very end of hearing on this motion, after the parties had been heard at length, the plaintiffs raised for the first time the argument that a higher standard of care applies to Braniff as a common carrier. The Court, in its discretion, will address this issue.[3]

■ Braniff, as a common carrier, is subject to a high standard of care. The Su-

applies, and there are no jurisdictional concerns, a court is at liberty to accept the parties' assumption as to applicable law without independent inquiry. *Evergreen v. Six Consignments of Frozen Scallops*, 4 F.3d 90, 95, n. 5 (1st Cir.1993); *In Re Newport Plaza Associates, L.P.*, 985 F.2d 640, 643–44 (1st Cir.1993). There are no jurisdictional concerns with the application of Massachusetts law here.

2. A New York coffee-spillage case with similar facts, *Huppe v. Twenty–First Century Restaurants of America, Inc.*, 130 Misc.2d 736, 497 N.Y.S.2d 306 (N.Y.S.Ct.1985) is instructive. There the court stated as follows:

> Since plaintiffs clearly intended to purchase hot coffee and since coffee is customarily served and intended to be consumed as a hot beverage, plaintiffs must present evidentiary facts establishing that the coffee served by defendant was defective or unreasonably dangerous by virtue of being hotter than it should have been. Plaintiffs have wholly failed to meet this burden. They merely make the con-

clusory allegation that the coffee was 'super heated' and 'too hot', and they submit only the statement of [the plaintiffs' expert] that he serves coffee at a lower temperature which he considers to be safe. Since plaintiffs have failed to show that the coffee was so hot that it exceeded the reasonable or customary standards for such a product, there is no evidence from which a trier of fact could conclude that the coffee was defective, unreasonably dangerous, or negligently served.

*Id.* at 308.

3. If the Court so chose, it could refuse to consider the plaintiffs' argument. The First Circuit has stated:

> It is not enough merely to mention a possible argument in the most skeletal way, leaving the court to do counsel's work, create the ossature for the argument, and put flesh on its bones...." Judges are not expected to be mindreaders. Consequently, a litigant has an obligation 'to spell out its arguments squarely and distinctly,' or else forever hold its peace."

preme Judicial Court of Massachusetts has stated that "the standard to which common carriers are held is the very highest, approaching that of an insurer." *Worcester Ins. Co. v. Fells Acre Day School, Inc.,* 408 Mass. 393, 558 N.E.2d 958, 968 (1990). *See O'Malley v. Putnam Safe Deposit Vaults, Inc.,* 17 Mass.App. 332, 458 N.E.2d 752, 758 (1983). But while the standard may "approach" that of an insurer, the Supreme Judicial Court has not gone so far as to rule that a common carrier is in fact strictly liable for accidents which befall its passengers. The court has stated that "the carrier is not an insurer of the safety of its passengers, nor is it obliged by law to foresee and to guard against unlikely dangers and improbable harms." *Quigley v. Wilson Line of Massachusetts,* 338 Mass. 125, 154 N.E.2d 77, 79 (1958). *See Holton v. Boston Elevated Ry. Co.,* 303 Mass. 242, 21 N.E.2d 251, 251 (1939); *Intriligator v. Goldberg,* 299 Mass. 333, 12 N.E.2d 730, 731 (1938). None of the Supreme Judicial Court's decisions has altered Massachusetts law to the effect that, in general, the mere occurrence of an accident by itself will not support a finding of negligence. *Holton,* 21 N.E.2d at 251; *Wilson v. Colonial Air Transport,* 278 Mass. 420, 180 N.E. 212, 214 (1932). The common carrier standard of care, thus, cannot parlay the plaintiff's mishap into liability for negligence in the absence of some proof other than that an accident happened.

### c. *Res Ipsa Loquitor.*

At the hearing on this motion, but not in their brief, the plaintiffs suggested that the doctrine of *res ipsa loquitur* would allow this case to go to a jury. Again, the Court, in its discretion, will review the law concerning this claim.

▮ The doctrine of *res ipsa loquitor* "permits a trier of fact to draw an inference of negligence in the absence of a finding of a specific cause of the occurrence when an accident is of the kind that does not ordinarily happen unless the defendant was negligent in some respect and other responsible causes including conduct of the plaintiff, are suffi-

*U.S. v. Zannino,* 895 F.2d 1, 17 (1st Cir.1990), quoting *Rivera–Gomez v. de Castro,* 843 F.2d

ciently eliminated by the evidence." *Enrich v. Windmere Corp.,* 416 Mass. 83, 616 N.E.2d 1081, 1085 (1993). *See Wilson v. Honeywell, Inc.,* 409 Mass. 803, 569 N.E.2d 1011, 1013 (1991). In *res ipsa loquitor* cases, "the jury must be able to find, either by expert evidence or by their own common knowledge, that the mere occurrence of the accident shows negligence as a cause." *Enrich,* 616 N.E.2d at 1085.

▮ Neither the plaintiffs' expert nor common knowledge supports a finding that the mere occurrence of this accident shows negligence. Mr. Chapdelaine, the expert offered by the plaintiff, by self-acknowledgement is not qualified to testify as to the cause of the accident. He has no particular expertise regarding the proper functioning and maintenance of a coffee machine. As noted above, he admitted that he has no specialized knowledge which would permit him to render an opinion on the proper temperature at which coffee should be served on an airplane. Nor does Mr. Chapdelaine have any expertise regarding the procedure for in-flight service. *See Enrich,* 616 N.E.2d at 1085.

Moreover, the Court is not persuaded that a jury may reasonably infer negligence from their general knowledge of practical affairs merely because a passenger is burned by hot coffee. A jury would have no way of knowing whether the coffee served to the plaintiff was hotter than coffee customarily served on airplanes or in places of public accommodation. *See Huppe,* 497 N.Y.S.2d at 308. Thus, a conclusion that the brewing of extremely hot coffee was due to negligence would be based on speculation and guesswork.

Because the plaintiffs have failed to submit sufficient evidence to allow a jury to conclude that Braniff acted negligently, the defendant's motion for summary judgment is granted.

SO ORDERED.