OPINION OF THE COURT
Zelda Jonas, J.
Motion by defendant Bunn-O-Matic Corporation (Bunn) and *126 the cross motions by defendants, Heavenly Bagels, Inc. (Heavenly) and Eastern Coffee Products, Inc. (Eastern), for summary judgment dismissing the complaint and all cross claims against each of them are granted.
On April 27, 1996, plaintiff sustained second degree burns on his lower stomach, thighs, and groin when hot coffee splashed on those areas of his body. At the self-service area in Heavenly’s store in Levittown, plaintiff had filled two cups with black coffee from the coffee decanter on the warmer and placed lids on the cups. He then went to the cashier at Heavenly Bagels where he ordered bagels. The cashier placed the bagels and coffee into a paper bag. Plaintiff placed the bag between his thighs on the car seat and proceeded to drive home. Plaintiff testified that as he drove the coffee splashed onto his thighs and the area between his legs. As a result of the burns, plaintiff spent approximately eight days in the burn unit at Nassau County Medical Center. Plaintiff admits that he was a frequent customer at Heavenly, going there once or twice a week for the preceding four or five years, and he had no prior complaints about the coffee.
Defendant Eastern owned the subject coffee machine, defendant Heavenly leased it, and defendant Bunn manufactured it. These defendants move for summary judgment dismissing the complaint and all cross claims on the grounds that no defect in the manufacture or maintenance of the coffee machine has been shown, and they had no duty to warn plaintiff of the dangers of hot coffee.
Evidence in the record shows that the self-service station included two warmers with two burners each. The coffee brewing machine, an RL 35 Bunn-O-Matic Brewer with five burners, was located behind the counter. A sticker affixed to the coffee brewing machine set forth the message “caution, contents are hot” (Waldman transcript, at 67). A service document dated February 21, 1996, the date of service closest to the incident herein, shows that the brewing temperature was 194 degrees (Waldman transcript, at 58-59). Eastern’s expert, Michael Kaufman, avers that the coffee machine was tested and found to be in good working order and operating within the temperature parameters provided by the manufacturer and the coffee makers association (Kaufman affidavit, at 2). There is also evidence that industry standards require a brewing temperature of 200 degrees, plus or minus 5 degrees (CBC Coffee Workshop Manual, at 21, found as exhibit G to Bunn’s moving papers; Waldman deposition transcript, at 46; see also, Bunn’s Operat *127 ing and Service Manual, at 3 [recommending water temperature of approximately 195 degrees], found as exhibit F to Bunn’s moving papers). According to Heavenly, in the 14 years that the coffee machine at issue was used, Heavenly received only one complaint, and that complaint was that the coffee was not hot enough (Restaino transcript, at 35).
In opposition to the motions, plaintiff submits an affidavit wherein he admits knowing that the coffee “was hot” but denies knowing that it was hot enough to cause second degree burns. Plaintiff also submits an affidavit from a plastic surgeon, Dr. Otto Gudjohnsson, who opines that liquids at temperatures of 185 to 200 degrees will cause second degree bums upon immediate contact with skin and that, based on plaintiff’s injuries, the temperature of the coffee that plaintiff came into contact with was within 185-200 degrees. Plaintiff argues that it is a jury question whether the defendants had a duty to warn of the potential for second degree burns from the temperature of the subject coffee (Nadel v Burger King Corp., 119 Ohio App 3d 578, 695 NE2d 1185, discretionary appeal not allowed 80 Ohio St 3d 1415, 684 NE2d 706).
New York precedent on the issue of scalding coffee that caused first and second degree bums provides:
“the fact that the coffee was hot enough to cause injury if not properly handled does not mean that it was defective or negligently served. Where, as here, a product by its very nature has a dangerous attribute, liability is imposed only when the product has an attribute not reasonably contemplated by the purchaser or is unreasonably dangerous for its intended use. (See, Robinson v Reed-Prentice Div. of Package Mach. Co., 49 NY2d 471, 479.)” (Huppe v Twenty-First Century Rests., 130 Misc 2d 736, 738, affd on opn below 116 AD2d 797.)
In Huppe, the plaintiffs failed to present evidence from which a trier of fact could find that the coffee was so hot that it exceeded the reasonable or customary standards for such a product, and consequently the Huppe plaintiffs’ claims for defective or negligently served coffee were dismissed.
Furthermore, because “the hotness of the coffee was such an essential and intended attribute of the product * * * defendant had a duty to warn of its temperature only if it exceeded the reasonable range of temperature for such a product” (Huppe, supra, at 739). As there was no evidence that the coffee in Huppe was hotter than contemplated by plaintiffs therein, the Huppe court found no duty to warn.
*128 Here, the record contains evidence that the temperature range recommended by the coffee industry for brewing coffee is a temperature that will cause second degree burns. Although plaintiff urges following the Ohio majority decision in Nadel (supra), it appears to this Court that the dissent in Nadel accords with Huppe:
“coffee is served hot * * * that its heat may cause * * * second-degree burns * * * does not make less obvious the risk that hot coffee purchased for consumption will burn upon contact with skin * * * [and therefore] * * * requires no warning.” (Nadel, 119 Ohio App 3d 578, 593, 695 NE2d 1185, 1194-1195 [dissenting opn].)
Not long ago the Federal Court of Appeals for the Seventh Circuit also declined to follow the Nadel majority (McMahon v Bunn-O-Matic Corp., 150 F3d 651, 656-657 [plaintiff suffered second and third degree burns from coffee spillage; summary judgment for defendant affirmed; Indiana law “expects consumers to educate themselves about the hazards of daily life — of matches, knives, and kitchen ranges, of bones in fish, and of hot beverages — by general reading and experience”]). In addition, the Court notes that a Louisiana appellate court recently cited Huppe with approval (Oubre v E-Z Serve Corp., 713 So 2d 818 [La App, 5th Cir 1998] [plaintiff suffered second degree burns; summary judgment for defendant affirmed; plaintiffs failed to show that the coffee was so hot that it exceeded the reasonable or customary standards for such a product]).
This Court is reluctantly compelled to conclude on this record that plaintiff has failed to provide evidence from which a jury could conclude that the subject coffee was unreasonably hot. That it caused second degree burns does not suffice (Huppe, supra; McMahon, supra; Oubre, supra; cf. Nadel, supra). Consequently, there is no factual basis for a conclusion that the coffee was defective or that a failure to warn was necessary. Under these circumstances, Bunn, Heavenly, and Eastern are entitled to summary judgment dismissing the complaint and all cross claims against them.