■ FUNG-YEE NG, Respondent, v BARNES AND NOBLE, INC., Appellant. [764 NYS2d 183] —Order, Supreme Court, New York County (Martin Schoenfeld, J.), entered July 22, 2002, which denied defendant's motion for summary judgment dismissing the complaint and granted plaintiff's cross motion to amend the complaint to allege breach of an implied warranty of merchantability, unanimously reversed, on the law, without costs, the motion granted, and the cross motion denied. The Clerk is directed to enter judgment in favor of defendant dismissing the complaint.

Plaintiff's complaint alleges she was injured by hot tea she purchased from defendant. She claims it was served to her in two cellulose cups—one inside the other—and that when she opened the lid, the tea spilled causing her injury.

There is no basis to hold defendant liable on a theory that it breached a duty of reasonable care to the plaintiff customer under these circumstances.* Plaintiff failed to raise a triable issue of fact that the tea was heated beyond reasonably expected limits (*see Olliver v Heavenly Bagels*, 189 Misc 2d 125

---

* Plaintiff has abandoned her duty to warn cause of action.

[2001]; *Huppe v Twenty-First Century Rests. of Am.*, 130 Misc 2d 736 [1985]). She also failed to raise a triable issue of fact as to the reasonableness of the manner in which the tea was served. "Double cupping" is a method well known in the industry as a way of preventing a cup of hot tea from burning one's hand. Further, plaintiff raised no issue of fact about whether defendant breached its duty of care by failing to securely place the lids on the hot cups (*see Reese v Burger King Rest.*, 1990 WL 12383, 1990 Ohio App LEXIS 541 [Ohio App, 10th Dist, Feb. 13, 1990]; *Greene v Boddie-Noell Enters., Inc.*, 966 F Supp 416 [1997]). Indeed, it requires no special insight, knowledge or skill to appreciate that, ordinarily, one must take care not to spill tea when removing the lid from a "double cup" of hot tea.

We therefore conclude that, where, as here, the product has an inherently dangerous attribute, the law imposes liability only when the product's danger is not reasonably contemplated by the consumer and the product is unreasonably dangerous for its intended use (*see Robinson v Reed-Prentice Div. of Package Mach. Co.*, 49 NY2d 471, 479 [1980]; *Olliver*, 189 Misc 2d at 127; *Huppe*, 130 Misc 2d at 738).

Finally, plaintiff's cross motion should have been denied as plaintiff's breach of warranty claim is patently meritless (*see Daniels v Empire-Orr, Inc.*, 151 AD2d 370, 371 [1989]). She has afforded no basis for the inference necessary to her proposed claim, that the tea was not "fit for the ordinary purposes for which such goods are used" (UCC 2-314 [2] [c]; *Huppe, supra*; *see also Martinelli v Custom Accessories, Inc.*, 2002 WL 1489610, 2002 Mass Super LEXIS 188 [Mass Super Ct, May 21, 2002]). Concur—Tom, J.P., Mazzarelli, Andrias, Friedman and Marlow, JJ.