RIGOBERTO McCLEAN, Respondent, v NATIONAL CENTER FOR DISABILITY SERVICES et al., Appellants, et al., Defendant. [816 NYS2d 551]—

In an action to recover damages for personal injuries, the defendants National Center for Disability Services, Abilities, Inc., and GL & S Caterers, Inc., appeal from an order of the Supreme Court, Queens County (Kelly, J.), dated April 14, 2005, which denied their motion for summary judgment dismissing the complaint insofar as asserted against them.

Ordered that the order is affirmed, with costs.

The plaintiff, a paraplegic who was attending a vocational training school, alleged that he accidentally burned both of his legs after an employee in the school cafeteria had served him with excessively hot water in order for him to make tea. The appellants made a motion for summary judgment, arguing, in essence, that the plaintiff's having accidentally burned himself

"does not in [and] of itself mean that the water was too hot or negligently served." The Supreme Court denied the motion, concluding, among other things, that "the [appellants] failed to establish in the first instance that [their] practices for serving hot beverages to disabled persons like the plaintiff [were] acceptable." We affirm.

In seeking summary judgment, the appellants had the initial burden of producing competent evidence in admissible form sufficient to demonstrate their right to judgment as a matter of law (*see Alvarez v Prospect Hosp.*, 68 NY2d 320, 325 [1986]). In the present case, such a prima facie showing of entitlement to summary judgment would necessarily have to entail proof that the water served to the plaintiff had *not* been "heated beyond reasonably expected limits" (*Fung-Yee Ng v Barnes & Noble*, 308 AD2d 340 [2003]). In *Fung-Yee Ng v Barnes & Noble (supra)*, the Court held that, under New York law, a defendant may properly be held liable for the personal injuries caused by his or her having served a beverage that, because of its excessive temperature, was "unreasonably dangerous for its intended use," and the drinking or other use of which presented a danger that was not "reasonably contemplated by the consumer" (*id.* at 341; *see Nadel v Burger King Corp.*, 119 Ohio App 3d 578, 695 NE2d 1185 [1997]; *cf. McMahon v Bunn-O-Matic Corp.*, 150 F3d 651, 657-658 [1998]; *Oubre v E-Z Serve Corp.*, 713 So 2d 818 [La 1998]; *Olliver v Heavenly Bagels*, 189 Misc 2d 125 [2001]; *Huppe v Twenty-First Century Rests. of Am.*, 130 Misc 2d 736 [1985]; Annotation, *Liability of Vendor for Food or Beverage Spilled on Customer*, 64 ALR5th 205). This rule applies with particular force in the case of a consumer whose disabilities rendered him especially vulnerable to a possible burn injury (*see generally Campbell v Cluster Hous. Dev. Fund Co.*, 247 AD2d 353, 354 [1998]; *see also Guerry v United States*, 1984 WL 1134, 1984 US Dist LEXIS 22213 [SD NY 1984]).

The appellants produced no competent evidence to establish that the water given to the plaintiff on the day of the accident was within the range that would normally be expected by a typical consumer of tea. There was no competent proof that the machine from which the hot water was dispensed was "in good working order [or] operating within the temperature parameters provided by the manufacturer" (*cf. Olliver v Heavenly Bagels*, *supra* at 126). In seeking summary judgment, the appellants instead relied on the plaintiff's own deposition testimony, the substance of which supported the opposite inference, that is, the inference that the water that had been given to the plaintiff on the day of the accident was, in fact, "heated beyond reason-

ably expected limits" (*Fung-Yee Ng v Barnes & Noble, supra* at 340). The plaintiff's deposition testimony would also support the inference that one or more of the defendants had actual notice that the brewing apparatus used in the cafeteria was producing overly hot coffee, and that a cafeteria worker had in fact been burned on a prior occasion.

Considering these and all the other circumstances of this case, we agree with the Supreme Court that the appellants failed to make a prima facie showing of entitlement to summary judgment. Mastro, J.P., Rivera, Skelos and Covello, JJ., concur.