09-4943-cv
Moltner v. Starbucks Coffee Co.

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan Courthouse, 500 Pearl Street, in the City of New York, on the 2nd day of November, two thousand ten.

Present:
    ROGER J. MINER,
    ROBERT A. KATZMANN,
            *Circuit Judges*,
    DENISE COTE,
            *District Judge*.[*]

---

RACHEL MOLTNER,

        *Plaintiff-Appellant*,

            v.                                    No. 09-4943-cv

STARBUCKS COFFEE COMPANY, also
known as STARBUCKS CORPORATION,

        *Defendant-Appellee*.

---

Counsel for Plaintiff-Appellant:      SANFORD F. YOUNG, New York, NY (David

---

[*] The Honorable Denise Cote, United States District Judge for the Southern District of New York, sitting by designation.

Jaroslawicz, Jaroslawicz & Jaros, LLC, New York, NY, Bradley A. Sacks, New York, NY, *of counsel*)

Counsel for Defendant-Appellee:    GEORGE N. TOMPKINS, III (Richard E. Lerner, Judy C. Selmeci, *of counsel*), Wilson, Elser, Moskowitz, Edelman & Dicker LLP, New York, NY

Appeal from the United States District Court for the Southern District of New York (Preska, *C.J.*).

**ON CONSIDERATION WHEREOF**, it is hereby **ORDERED**, **ADJUDGED**, and **DECREED** that the judgment of the district court be and hereby is **AFFIRMED**.

Plaintiff-appellant Rachel Moltner appeals from a judgment of the United States District Court for the Southern District of New York (Preska, *C.J.*) entered on October 27, 2009, granting the motion of defendant-appellant Starbucks Coffee Company ("Starbucks") for summary judgment.[1]  Relying on the reports of four expert witnesses, Moltner argues on appeal that she has adduced evidence sufficient to raise genuine issues of material fact as to her defective design and negligence claims.  She contends that the district court's exclusion of those reports as inadmissible was an abuse of its discretion.  We assume the parties' familiarity with the facts and procedural history of the case.

We review the district court's decision regarding the admissibility of expert testimony for abuse of discretion.  *Id.* at 264.  "A decision to admit or exclude expert scientific testimony is not an abuse of discretion unless it is 'manifestly erroneous.'"  *Id.* at 265 (quoting *McCullock v. H.B. Fuller Co.*, 61 F.3d 1038, 1042 (2d Cir. 1995)).  A district court assessing the admissibility of

---

[1] In a companion *per curiam* opinion, we address and reject Moltner's challenge to an order of the district court entered on February 27, 2009, denying her motion to remand the case to state court.

2

expert testimony under Federal Rule of Evidence 702 serves a "gatekeeping" function: "it is charged with 'the task of ensuring that an expert's testimony both rests on a reliable foundation and is relevant to the task at hand.'" *Amorgianos v. Nat'l R.R. Passenger Corp.*, 303 F.3d 256, 265 (2d Cir. 2002) (quoting *Daubert v. Merrell Dow Pharm., Inc.*, 509 U.S. 579, 597 (1993)). In assessing the reliability of the testimony, the district court should be guided by "the indicia of reliability identified in Rule 702, namely, (1) that the testimony is grounded on sufficient facts or data; (2) that the testimony 'is the product of reliable principles and methods'; and (3) that 'the witness has applied the principles and methods reliably to the facts of the case.'" *Id.* (quoting FED. R. EVID. 702).

In support of her design defect claim, Moltner relied upon the reports of three expert witnesses, Kenneth R. Diller, Dr. Bernard S. Gerstman, and Robert John Anders. The district court found that all three of these experts failed to pass Rule 702 scrutiny. As the district court discussed, Diller's report is unreliable because its conclusions are devoid of any factual or analytical basis, and his report thus does not demonstrate a sufficient level of intellectual rigor. SPA 13-14. Dr. Gerstman's report likewise is unreliable because it does not state the basis or analysis from which its conclusions are derived. SPA 14-15. Finally, Anders's report is the product of a method of testing that is insufficiently reliable and lacks "the same level of intellectual rigor that characterizes the practice of an expert in the relevant field." *Nimely v. City of New York*, 414 F.3d 381, 396 (2d Cir. 2005) (quoting *Kumho Tire Co. v. Carmichael*, 526 U.S. 137, 152 (1999)). In support of her negligence claim, Moltner relied solely upon Guy DiMaria's report, which the district court excluded because it would not "assist the trier of fact" in determining whether Starbucks breached its duty of care. SPA 22; FED. R. EVID. 702. Based

upon our independent assessment of the record on appeal, we conclude that the district court did

not abuse its discretion in rejecting each of these reports as inadmissible under Rule 702.

We review *de novo* a district court's decision granting summary judgment. *Viola v.*

*Philips Med. Sys. of N. Am.*, 42 F.3d 712, 716 (2d Cir. 1994). Without the testimony of her

expert witnesses, Moltner's claims fail because there is no way for a reasonable juror to

determine, with respect to her defective design claim, whether the risks posed by the product's

design outweighed its utility, *see Denny v. Ford Motor Co.*, 639 N.Y.S.2d 250, 254-55 (1995),

or, with respect to her negligence claim, whether Starbucks failed to exercise due care. In any

event, we reject Moltner's theory of negligence as infirm as a matter of law under *Fung-Yee Ng*

*v. Barnes & Noble, Inc.*, 764 N.Y.S.2d 183, 183-84 (1st Dep't 2003) ("'Double cupping' is a

method well known in the industry as a way of preventing a cup of hot tea from burning one's

hand.").

We have considered Moltner's remaining arguments and find them to be without merit.

For the reasons stated herein and in the accompanying *per curiam* opinion, the judgment of the

district court is **AFFIRMED**.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, CLERK

4