■ BORIS KHANIMOV, Appellant, v McDONALD'S CORPORATION et al., Defendants, and 82 COURT STREET CORPORATION, Respondent. [995 NYS2d 190]—

In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Kings County (Vaughan, J.), entered September 24, 2012, which granted the motion of the defendant 82 Court Street Corporation for summary judgment dismissing the amended complaint insofar as asserted against it.

Ordered that the order is modified, on the law, by deleting the provision thereof granting that branch of the motion of the defendant 82 Court Street Corporation which was for summary judgment dismissing the plaintiff's cause of action alleging that it was negligent in serving a beverage that, because of its excessive temperature, was unreasonably dangerous for its intended use, and substituting therefor a provision denying that branch of the motion; as so modified, the order is affirmed, without costs or disbursements.

On March 16, 2007, the plaintiff allegedly slipped and fell in a McDonald's restaurant located at 82 Court Street in Brooklyn, and sustained injuries, including burns from hot coffee that he had just been served. The plaintiff commenced the instant action to recover damages for personal injuries against, among others, the defendant 82 Court Street Corporation (hereinafter 82 Court), which was the franchisee of the restaurant. 82 Court moved for summary judgment dismissing the amended complaint insofar as asserted against it. The Supreme Court granted the motion. The plaintiff appeals, and we modify.

Contrary to the plaintiff's contention, 82 Court's motion for summary judgment was timely (*see* CPLR 3212 [a]; *Brill v City of New York*, 2 NY3d 648, 651 [2004]).

The Supreme Court correctly granted that branch of 82 Court's motion which was for summary judgment dismissing the cause of action alleging that it negligently allowed a dangerous condition on the floor of the restaurant to exist. Where a plaintiff alleges the existence of such a dangerous condition, a defendant can establish its prima facie entitlement to judgment as a matter of law by showing that the plaintiff cannot identify the cause of the accident (*see Califano v Maple Lanes*, 91 AD3d 896, 897 [2012]; *McFadden v 726 Liberty Corp.*, 89 AD3d 1067, 1067 [2011]; *Patrick v Costco Wholesale Corp.*, 77 AD3d 810 [2010]; *Blochl v RT Long Is. Franchise, LLC*, 70 AD3d 993, 993 [2010]; *Miller v 7-Eleven, Inc.*, 70 AD3d 791, 791 [2010]). A plaintiff's inability to identify the cause of a fall is fatal to the cause of action because a finding that the defendant's negligence, if any, proximately caused the injuries would be based on speculation (*see Califano v Maple Lanes*, 91 AD3d at 897; *Patrick v Costco Wholesale Corp.*, 77 AD3d at 810).

Here, in support of its motion, 82 Court established its prima facie entitlement to judgment as a matter of law dismissing the cause of action alleging that it negligently allowed a dangerous condition on the floor of the restaurant by submitting, inter alia, a transcript of the deposition testimony of the plaintiff and the manager of the restaurant, which demonstrated that the plaintiff could not identify the cause of his fall (*see Califano v Maple Lanes*, 91 AD3d at 897; *McFadden v 726 Liberty Corp.*, 89 AD3d at 1067; *Aguilar v Anthony*, 80 AD3d 544, 545 [2011]; *Patrick v Costco Wholesale Corp.*, 77 AD3d at 811; *Blochl v RT Long Is. Franchise, LLC*, 70 AD3d at 993; *Miller v 7-Eleven, Inc.*, 70 AD3d at 791). In opposition, the plaintiff failed to raise a triable issue of fact in this regard (*see Zuckerman v City of New York*, 49 NY2d 557, 562 [1980]; *see also Miles v County of Dutchess*, 85 AD3d 878, 878-879 [2011]; *Aguilar v Anthony*, 80 AD3d at 545).

However, the Supreme Court erred in granting that branch of 82 Court's motion which was for summary judgment dismissing the cause of action alleging that it negligently served him coffee that burned him because the coffee was served at an unreasonably or excessively hot temperature. In order to make a prima facie showing related to this claim, 82 Court was obligated to present proof that the coffee served to the plaintiff had not been " 'heated beyond reasonably expected limits' " (*McClean v National Ctr. for Disability Servs.*, 30 AD3d 383, 384 [2006], quoting *Fung-Yee Ng v Barnes & Noble*, 308 AD2d 340, 340-341 [2003]). Under New York law, a defendant may properly be held liable for the personal injuries caused by the service of a bever-

age that, because of its excessive temperature, was unreasonably dangerous for its intended use, and the drinking or other use of which presented a danger that was not reasonably contemplated by the consumer (*see McClean v National Ctr. for Disability Servs.*, 30 AD3d at 384; *Fung-Yee Ng v Barnes & Noble*, 308 AD2d at 341). In support of its motion, 82 Court produced no competent evidence to establish that the coffee served to the plaintiff on the day of the accident was within the range that would normally be expected by a typical consumer of coffee. There was no competent proof submitted by 82 Court in support of its motion that the machine from which the coffee was dispensed was in good working order or operating within the temperature parameters provided by the franchisor. In seeking summary judgment, 82 Court instead relied on the plaintiff's own deposition testimony, the substance of which supported the opposite inference, that is, that the coffee that had been given to the plaintiff on the day of the accident was, in fact, heated beyond reasonably expected limits (*see McClean v National Ctr. for Disability Servs.*, 30 AD3d at 384; *Fung-Yee Ng v Barnes & Noble*, 308 AD2d at 341). Since 82 Court failed to meet its prima facie burden in connection with this cause of action, it is unnecessary to consider whether the plaintiff's opposition papers were sufficient to raise a triable issue of fact as to whether the coffee was heated beyond reasonably expected limits (*see Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851, 853 [1985]). Rivera, J.P., Hall, Austin and Roman, JJ., concur.