OPINION OF THE COURT
Phyllis Orlikoff Flug, J.
Plaintiffs move, inter alia, for summary judgment on the issue of liability against defendant, the New York City Department of Education (hereinafter DOE).
This is an action to recover damages for personal injuries allegedly sustained by the infant plaintiff on December 5, 2012 as a result of being severely burned when a fellow student accidentally knocked over the infant plaintiff’s lunch tray causing the hot “meat sauce” that was being served to fall on her thighs during the lunch period at Public School 29, in the County of Queens, City and State of New York.
On a motion for summary judgment, the proponent “must make a prima facie showing of entitlement to judgment as a matter of law, tendering sufficient evidence to eliminate any material issues of fact from the case” (Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853 [1985]). Once the proponent has made this showing, the burden of proof shifts to the party opposing the motion to produce evidentiary proof in admissible form to establish that material issues of fact exist which require a jury trial (Alvarez v Prospect Hosp., 68 NY2d 320, 324 [1986]).
Plaintiffs only seek summary judgment on their cause of action alleging a breach of implied warranty under the Uniform Commercial Code.
Under New York law, the breach of implied warranty theory allows for the imposition of liability on a defendant for personal injuries caused by the service of a food product that, because of its excessive temperature, was unreasonably dangerous for its intended use and the use of which presented a danger that was not reasonably contemplated by the consumer (see Khanimov v McDonald’s Corp., 121 AD3d 1052, 1053-1054 [2d Dept 2014]; McClean v National Ctr. for Disability Servs., 30 AD3d 383, 384 [2d Dept 2006]).
Moreover, this rule applies with particular force to cases where a consumer is particularly vulnerable to a possible burn injury due to disability (see McClean at 384).
In support of their motion, plaintiffs submit, inter alia, the plaintiffs’ deposition testimony and medical examination rec *818 ords that the food served by defendant was sufficiently hot to burn through the infant plaintiff’s pants and cause second degree burns on her legs. In light of the fact that the infant plaintiff’s young age made her particularly vulnerable to such an injury, this evidence is sufficient to demonstrate that the food served by defendant was unreasonably dangerous for its intended use due to its excessive temperature (see Khanimov at 1054; McClean at 384-385).
In opposition, defendant fails to offer any evidence sufficient to raise a triable issue of fact regarding whether the food served by the DOE was reasonably safe for its intended use.
While defendant correctly points out that the records are inconsistent regarding whether the food served by the DOE was a “Bolognese sauce” or “taco meat,” the precise type of food served is irrevelant to the question of liability. There is no dispute that the food that caused the infant plaintiff’s second degree burns when it fell on her pants was the same food that was served by the DOE.
Moreover, contrary to defendant’s contention, the act of the fellow student in knocking over plaintiff’s tray cannot be said to be a superseding cause that relieves defendant from liability.
Where an intervening act of another is itself the foreseeable harm that shapes the duty imposed, the defendant who fails to guard against such conduct will not be relieved of liability when that act occurs (see Kush v City of Buffalo, 59 NY2d 26, 33 [1983]).
Here, defendant’s duty to ensure that the food being served was not excessively hot is partially shaped by the fact that food spills in a school cafeteria are incredibly common and foreseeable. As such, the act of the infant plaintiff’s classmate in spilling the food does not relieve defendant of liability for serving excessively hot food.
Accordingly, plaintiffs’ motion is granted, in its entirety, and plaintiffs are granted summary judgment against defendant, the New York City Department of Education, on the issue of liability with respect to their causes of action for breach of implied warranty only.