In an action to recover damages for personal injuries, etc., the defendant appeals, as limited by its brief, from so much of an order of the Supreme Court, Kings County (Baily-Schiffman, J.), dated September 22, 2016, as denied its motion for summary judgment dismissing the complaint, and the plaintiff cross-appeals, as limited by his brief, from so much of the same order as denied his cross motion for summary judgment on the issue of liability.
 

 Ordered that the order is reversed insofar as appealed from, on the law, and the defendant’s motion for summary judgment dismissing the complaint is granted; and it is further,
 

 Ordered that the order is affirmed insofar as cross-appealed from; and it is further,
 

 Ordered that one bill of costs is awarded to the defendant.
 

 On September 27, 2014, the plaintiff’s child allegedly was injured by hot soup which spilled from the table in a restaurant in Brooklyn owned by the defendant. The plaintiff commenced this action alleging that the defendant was negligent in serving soup that was unsafe and hazardous because of its temperature, and in failing to warn his child that the soup was hot. The defendant moved for summary judgment dismissing the complaint. In support of the motion, the defendant submitted evidence that the soup spilled on the child when her younger brother pushed a toy train into the bowl, causing the bowl to fall from the table. It also submitted evidence that the child’s mother warned her, when the soup was set on the table, that it was hot, and that the child was waiting for the soup to cool when it was spilled. The defendant additionally submitted proof that the temperature of the soup was checked by a line cook before it was served and that it was between 140 and 165 degrees Fahrenheit, which is the temperature required by the New York City Department of Health. The plaintiff cross-moved for summary judgment on the issue of liability, arguing that the soup was too hot to be safely served. In the order appealed from, the Supreme Court denied the motion and the cross motion. The defendant appeals and the plaintiff cross-appeals.
 

 A defendant may be held liable for the personal injuries caused by the service of a soup that, “because of its excessive temperature, was unreasonably dangerous for its intended use, and the drinking or other use of which presented a danger that was not reasonably contemplated by the consumer” (Khanimov v McDonald’s Corp., 121 AD3d 1052, 1053-1054 [2014]; see McClean v National Ctr. for Disability Servs., 30 AD3d 383, 384 [2006]; Fung-Yee Ng v Barnes & Noble, 308 AD2d 340, 340-341 [2003]). Here, the defendant established prima facie that the soup served to the child was not unreasonably dangerous for its intended use, but instead was served within an acceptable range of temperature, a temperature required by the New York City Health Code (see 1 NYCRR 271-2.13; NY City Health Code [24 RCNY] § 81.09). In addition, the defendant established that the hot temperature of the soup was a danger reasonably contemplated by the child and that any alleged failure to warn by the defendant was not a proximate cause of the child’s injuries (see generally Derdiarian v Felix Contr. Corp., 51 NY2d 308, 316 [1980]; Dia v Fieldbridge Assoc., LLC, 124 AD3d 577 [2015]; Horn v Hires, 84 AD3d 1025, 1025-1026 [2011]). In opposition, the plaintiff failed to raise a triable issue of fact (see generally Alvarez v Prospect Hosp., 68 NY2d 320, 324 [1986]). Accordingly, the Supreme Court should have granted the defendant’s motion for summary judgment dismissing the complaint.
 

 For the same reasons, the plaintiff failed to establish his entitlement to summary judgment on the issue of liability (see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853 [1985]). Thus, the Supreme Court properly denied the plaintiff’s cross motion for summary judgment on the issue of liability.
 

 Mastro, J.R, Hall, Miller and Brathwaite Nelson, JJ., concur.