■ TERRY McMURRY, JR., et al., Appellants, v INMONT CORPORATION et al., Defendants and Third-Party Plaintiffs-Respondents. K&P ENTERPRISES, INC., et al., Third-Party

Defendants-Respondents, et al., Third-Party Defendant. [694 NYS2d 157] —In an action to recover damages for personal injuries, etc., the plaintiffs appeal from (1) an order of the Supreme Court, Orange County (Slobod, J.), dated May 7, 1998, which granted the motion of the defendants Inmont Corporation and BASF Corporation for summary judgment dismissing the complaint insofar as asserted against them and the separate motion of the first and second third-party defendants, K&P Enterprises, Inc., and Carnegie Industries, for summary judgment dismissing the complaint and the third-party complaints, and (2) a judgment of the same court, dated May 21, 1998, which dismissed the complaint.

Ordered that the appeal from the order is dismissed; and it is further,

Ordered that the judgment is affirmed; and it is further,

Ordered that one bill of costs is awarded to the respondents appearing separately and filing separate briefs.

The appeal from the intermediate order must be dismissed because the right of direct appeal therefrom terminated with the entry of judgment in the action (*see, Matter of Aho,* 39 NY2d 241, 248). The issues raised on appeal from the order are brought up for review and have been considered on the appeal from the judgment (*see,* CPLR 5501 [a] [1]).

The plaintiff Terry McMurry, Jr., was an employee of the third-party defendant, K&P Enterprises, Inc., a fabric processing concern. His duties included working on a large industrial apparatus known as a "coating" machine which cured and embossed bolts of fabric. In an attempt to remove a "foldover" from a piece of fabric as it was being processed through the machine, he placed his hand onto the moving material very near the point where it was about to enter a series of high-powered rollers. He was injured when his hand became caught in the rollers.

Where the danger inherent in a person's actions is open and obvious or, at the least, readily discernible by use of the senses, "lack of a warning about that danger * * * obviate[s] the failure to warn as a legal cause of an injury resulting from that danger" (*Liriano v Hobart Corp.,* 92 NY2d 232, 241; *see also, Smith v Stark,* 67 NY2d 693, 694; *Hernandez v Biro Mfg. Co.,* 251 AD2d 375; *Bigness v Powell Elecs.,* 209 AD2d 984). In this regard, we note that the injured plaintiff was an experienced industrial machine operator, and had received training with respect to the operation of the coating machine. In addition, his removal of the "foldover" was attempted while he was standing on the machine's catwalk, an awkward position which

necessitated his leaning over a metal bar to reach the material.

Under these circumstances, the injured plaintiff should have been aware of the patent hazard inherent in his conduct, and a warning would not have added anything to the appreciation of this hazard (*see, Liriano v Hobart Corp., supra*). Thus, the Supreme Court correctly concluded that the respondents were entitled to summary judgment with respect to the cause of action to recover damages for negligent failure to warn (*see, Sukljian v Ross & Son Co.,* 69 NY2d 89).

The appellants' remaining contentions are without merit. Santucci, J. P., Krausman, Florio and Feuerstein, JJ., concur.