■ JAYNE READ et al., Respondents, v ELLENVILLE NATIONAL BANK, Appellant. [799 NYS2d 78]—

In an action to recover damages for personal injuries, the defendant appeals, as limited by its brief, from so much of an order of the Supreme Court, Orange County (Owen, J.), dated August 17, 2004, as denied its motion for summary judgment dismissing the complaint.

Ordered that the order is modified, on the facts and as a matter of discretion, by adding thereto a provision granting the defendant leave to renew its motion, with proper authentication

of the subject videotape, upon completion of discovery; as so modified, the order is affirmed insofar as appealed from, with costs to the plaintiffs.

The plaintiff commenced this action to recover damages for personal injuries she allegedly sustained when the lid on the night deposit box at the defendant bank suddenly snapped shut on her left hand. The defendant moved for summary judgment on the ground that the alleged incident did not occur. In support thereof the bank submitted a videotape from its closed-captioned television surveillance system, which shows the plaintiff making a deposit in the night deposit box, apparently without incident or injury. The bank relied upon an affidavit of a vice-president of P.N. Fire & Burglar Alarm Co., Inc. (hereinafter PN Fire), to establish the videotape's authenticity. This affidavit stated, in its entirety, as follows: "As per your request of 7/14/04 at 9:00 A.M., I am forwarding the following information. A request was made to PN Fire . . . to copy a specific segment of video from an existing tape from your Bloomingrove Branch. Once queued up on your CCTV system, an exact copy was created. There are no deviations from the original night drop camera."

In opposition to the motion, the plaintiff submitted her own affidavit in which she described the accident, and adamantly asserted that the videotape did not provide an accurate portrayal of the incident. The Supreme Court denied the defendant's motion, finding that the plaintiff raised issues of fact concerning the authenticity and validity of the videotape, and was entitled to full disclosure and an opportunity to test the validity of the tape.

"Similar to a photograph, a videotape may be authenticated by the testimony of a witness to the recorded events or of an operator or installer or maintainer of the equipment that the videotape accurately represents the subject matter depicted . . . Testimony, expert or otherwise, may also establish that a videotape 'truly and accurately represents what was before the camera' . . . Evidence establishing the chain of custody of the videotape may additionally buttress its authenticity and integrity, and even allow for acceptable inferences of reasonable accuracy and freedom from tampering" (*People v Patterson*, 93 NY2d 80, 84 [1999]).

Here, the brief affidavit of a vice president of PN Fire was insufficient to authenticate the videotape. Neither that affidavit nor the attorney affirmation in support of the bank's motion explain the relationship between the burglar alarm company and the bank vis-à-vis the closed-camera surveillance system at

the bank, or state the type of video equipment used. The statements in the affidavit that the videotape is an exact copy and "[t]here are no deviations from the original night drop camera," is insufficient to establish that the videotape is a true, fair, and accurate representation of the events depicted, as required for authentication.

Therefore, since the defendant failed to tender evidentiary proof in admissible form so as to establish entitlement to judgment as a matter of law, the motion was properly denied (*see Zuckerman v City of New York*, 49 NY2d 557 [1980]; *Stahl v Stralberg*, 287 AD2d 613 [2001]). However, the defendant should have been granted leave to renew the motion for summary judgment with proper authentication of the videotape, upon the completion of discovery. Santucci, J.P., Krausman, Luciano and Fisher, JJ., concur.