■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ALEXIS VASQUEZ, Appellant. [822 NYS2d 124]—

Appeal by the defendant from a judgment of the Supreme Court, Kings County (Chambers, J.), rendered August 12, 2003, convicting him of murder in the first degree (two counts), assault in the second degree, and criminal possession of a weapon in the third degree (three counts), upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

Viewing the evidence in the light most favorable to the prosecution (*see People v Contes,* 60 NY2d 620, 621 [1983]), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. Moreover, upon the exercise of our factual review power, we are satisfied that the verdict of guilt was not against the weight of the evidence (*see* CPL 470.15 [5]). The evidence adduced at trial revealed, inter alia, that the defendant was present at a meeting when plans to carry out a shooting were made, that the defendant was provided with a gun at that meeting which was shown by forensic analysis to have been used in the shooting, and that the defendant was seen fleeing in a car from the scene of the crime.

Contrary to the defendant's contention, the challenged photographic identification made by an accomplice was merely confirmatory (*see People v Rodriguez,* 79 NY2d 445, 452 [1992]; *People v DeJesus,* 19 AD3d 705 [2005]). Thus, the notice requirements of CPL 710.30 were inapplicable.

Further, the defendant opened the door to testimony regarding photographic identifications by two police detectives, based on the remarks in his opening statement which undermined the integrity of the identification testimony of the detectives. Admission of earlier photographic identifications made by the detectives was warranted to correct the misimpression created that lineup identifications conducted 3½ months after the incident were the only identifications these two detectives made (*see People v Massie,* 2 NY3d 179 [2004]; *People v Jackson,* 240 AD2d 680 [1997]).

The defendant's contention relating to a surprise prosecution witness is unpreserved for appellate review, as the defendant failed to object after the trial court granted a brief recess to enable him to prepare for cross-examination of that witness and after the cross-examination was conducted.

The defendant's remaining contentions, including those raised in his supplemental pro se brief, are without merit. Florio, J.P., Krausman, Luciano and Skelos, JJ., concur.