■■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LORELL PURDIE, Appellant. [856 NYS2d 223]—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Reichbach, J.), rendered July 6, 2005, convicting him of criminal possession of a weapon in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant's challenge to the legal sufficiency of the evidence is unpreserved for appellate review (*see* CPL 470.05 [2]; *People v Gray,* 86 NY2d 10, 19 [1995]). In any event, viewing the evidence in the light most favorable to the prosecution (*see People v Contes,* 60 NY2d 620, 621 [1983]), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt (*see* Penal Law § 265.03 [2]). Moreover, upon the exercise of our factual review power (*see* CPL 470.15 [5]), we are satisfied that the verdict of guilt was not against the weight of the evidence (*see People v Romero,* 7 NY3d 633 [2006]).

The defendant's contention, raised in his supplemental pro se brief, that he was deprived of the effective assistance of counsel, is without merit (*see People v Baldi,* 54 NY2d 137 [1981]; *People v Gonzalez,* 44 AD3d 790 [2007]).

The defendant's claim, also raised in his supplemental pro se brief, that the People violated their disclosure obligations under *Brady v Maryland* (373 US 83 [1963]), is based on factual assertions outside the record and thus, is not reviewable on direct appeal (*see People v Williams,* 43 AD3d 729 [2007]).

The defendant's remaining contentions, including those raised in his supplemental pro se brief, are unpreserved for appellate review and, in any event, are without merit. Rivera, J.P., Skelos, Santucci and Belen, JJ., concur.