**59** The People of the State of New York, Respondent, v Joseph Lago, Appellant. [875 NYS2d 178]—

Appeal by the defendant from a judgment of the Supreme Court, Suffolk County (Mullen, J.), rendered January 18, 2007, convicting him of manslaughter in the second degree (two counts), vehicular manslaughter in the first degree (six counts), vehicular assault in the first degree (three counts), operating a motor vehicle while intoxicated (three counts), aggravated unlicensed operation of a motor vehicle in the first degree (three counts), reckless driving, and speeding, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant's contention that the photo array identification procedure was unduly suggestive is unpreserved for appellate review, since he failed at the *Wade* hearing (*see United States v Wade*, 388 US 218 [1967]) to raise the specific grounds upon which he now challenges the procedure (*see* CPL 470.05 [2]; *People v Warren*, 50 AD3d 706 [2008]). In any event, the evidence adduced at the hearing established that the various persons depicted in the computer-generated photo array were sufficiently similar in appearance to the defendant such that the pretrial identification procedure was not unduly suggestive (*see People v Howard*, 50 AD3d 823 [2008]; *People v Ragunauth*, 24 AD3d 472 [2005]). Further, contrary to the defendant's contention, the admission of testimony at trial regarding the photo array identification procedure did not deny him a fair trial since defense counsel opened the door to the issue as a trial tactic during his opening statement (*see People v Vasquez*, 33 AD3d 636 [2006]; *People v Norris*, 5 AD3d 796 [2004]; *People v Martinez*, 1 AD3d 611 [2003]).

The defendant's claim that the People violated their disclosure obligations under *Brady v Maryland* (373 US 83 [1963]) is based on factual assertions outside the record and, thus, is not reviewable on this appeal (*see People v Purdie*, 50 AD3d 1065 [2008]; *People v Williams*, 43 AD3d 729 [2007]).

The defendant's remaining contentions are unpreserved for

appellate review and, in any event, are without merit. Skelos, J.P., Santucci, Balkin and Eng, JJ., concur.