■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DAYON WEATHERS, Appellant. [1 NYS3d 282]—

Appeal by the defendant from a judgment of Supreme Court, Kings County (Garnett, J.), rendered August 15, 2012, convicting him of criminal possession of a weapon in the second degree (Penal Law 265.03 [3]), upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

Viewing the evidence in the light most favorable to the prosecution (*see People v Contes*, 60 NY2d 620 [1983]), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. Moreover, upon our independent review pursuant to CPL 470.15 (5), we are satisfied that the verdict of guilt was not against the weight of the evidence (*see People v Romero*, 7 NY3d 633 [2006]).

The defendant contends that he was deprived of a fair trial because the People, in their opening statement, referred to a witness and certain evidence which they failed to present at trial. In such circumstances, "the general rule is that, absent

bad faith or undue prejudice, a trial will not be undone" (*People v Bramble*, 81 AD3d 968, 968 [2011] [internal quotation marks omitted]; *People v McKnight*, 72 AD3d 846 [2010], *affd* 16 NY3d 43 [2010]). Here, neither bad faith nor undue prejudice was established.

The defendant's contention that he was deprived of a fair trial as a result of certain remarks made during the People's summation is largely unpreserved for appellate review (*see* CPL 470.05 [2]; *People v Romero*, 7 NY3d 911, 912 [2006]). In any event, the challenged summation remarks were either fair comment on the evidence (*see People v Ashwal*, 39 NY2d 105, 109-111 [1976]; *People v Edwards*, 120 AD3d 1435 [2014]), or responsive to arguments and theories presented in the defense summation (*see People v Galloway*, 54 NY2d 396 [1981]; *People v McCoy*, 89 AD3d 1110, 1110 [2011]; *People v Carey*, 67 AD3d 925, 925 [2009]; *People v Crawford*, 54 AD3d 961 [2008]). Moreover, while it was error for the prosecutor to describe a witness as "the only person that had the guts to come in and testify" and that "she was scared for her life," the statements did not deprive the defendant of a fair trial, and any error in this regard was alleviated when the court issued curative instructions (*see People v Oliphant*, 117 AD3d 1085 [2014]).

The defendant's contention that he was deprived of a fair trial as a result of certain testimony elicited from a detective is unpreserved for appellate review. In any event, the line of questioning and the detective's testimony were properly offered for the relevant, nonhearsay purpose of establishing the reasons behind the detective's actions, and to complete the narrative of events leading to the defendant's arrest (*see People v Ragsdale*, 68 AD3d 897, 897-898 [2009]; *People v Chandler*, 59 AD3d 562 [2009]; *People v Mendoza*, 35 AD3d 507 [2006]).

Further, contrary to the defendant's contention, the admission of evidence at trial regarding an eyewitness's earlier out-of-court photo-array identification of the defendant did not deny him a fair trial since defense counsel opened the door to the issue during his cross-examination of the eyewitness and of a police detective (*see People v Massie*, 2 NY3d 179 [2004]; *People v Lago*, 60 AD3d 784 [2009]; *People v Vasquez*, 33 AD3d 636 [2006]).

The defendant was not deprived of the effective assistance of counsel (*see People v Rivera*, 71 NY2d 705, 708 [1988]; *People v Thomas*, 276 AD2d 570 [2000]). Dillon, J.P., Hinds-Radix, Maltese and Barros, JJ., concur.