■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DANE STUART, Also Known as DUANE STUART, Appellant. [26 NYS3d 878]—

Appeal by the defendant from a judgment of the Supreme Court, Kings County (Harrington, J.), rendered May 28, 2013, convicting him of attempted murder in the second degree (two counts), criminal possession of a weapon in the second degree, criminal possession of a weapon in the fourth degree, and endangering the welfare of a child (two counts), upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant's challenge to the legal sufficiency of the evidence supporting his conviction of the second count of attempted murder in the second degree is unpreserved for appellate review (*see* CPL 470.05 [2]; *People v Hawkins*, 11 NY3d 484, 492 [2008]). In any event, viewing the evidence in the light most favorable to the prosecution (*see People v Contes*, 60 NY2d 620, 621 [1983]), we find that it was legally sufficient to establish the defendant's guilt of that count beyond a reasonable doubt. Moreover, in fulfilling our responsibility to conduct an independent review of the weight of the evidence (*see* CPL 470.15 [5]; *People v Danielson*, 9 NY3d 342, 348-349 [2007]), we nevertheless accord great deference to the jury's opportunity to view the witnesses, hear the testimony, and observe demeanor (*see People v Mateo*, 2 NY3d 383, 410 [2004]; *People v Bleakley*, 69 NY2d 490, 495 [1987]). Upon reviewing the record here, we are satisfied that the verdict of guilt as to that count was not against the weight of the evidence (*see People v Romero*, 7 NY3d 633 [2006]).

Contrary to the defendant's contention, the trial court did not err in admitting into evidence a photo array that was shown to one of the complainants. Defense counsel opened the door to the admission of the photo array by eliciting testimony during cross-examination that the photo array, which did not

contain the defendant's photograph, had been shown to that complainant and that he equivocally identified an individual in the photo array as the perpetrator. The photo array was necessary to allow the jury to evaluate the degree to which that complainant's identification of the defendant was impeached (*see generally People v Massie*, 2 NY3d 179, 184 [2004]; *cf. People v Weathers*, 124 AD3d 702, 703 [2015]; *People v Lago*, 60 AD3d 784, 785 [2009]).

The sentence imposed was not excessive (*see People v Suitte*, 90 AD2d 80 [1982]).

The defendant's remaining contentions are without merit. Leventhal, J.P., Dickerson, Roman and Maltese, JJ., concur.