Torres v Hickman (2018 NY Slip Op 04372)





Torres v Hickman


2018 NY Slip Op 04372


Decided on June 13, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 13, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
REINALDO E. RIVERA
SYLVIA O. HINDS-RADIX
ANGELA G. IANNACCI, JJ.


2016-00376
 (Index No. 6651/13)

[*1]Angelika Torres, appellant, 
v
Kishon C. Hickman, respondent.


Sobo & Sobo, LLP, Middletown, NY (Brett Peter Linn of counsel), for appellant.
Milber Makris Plousadis & Seiden, LLP, Woodbury, NY (Lorin A. Donnelly of counsel), for respondent.



DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from a judgment of the Supreme Court, Orange County (Elaine Slobod, J.), dated November 9, 2015. The judgment, upon a jury verdict finding that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102(d), is in favor of the defendant and against the plaintiff dismissing the complaint.
ORDERED that the judgment is affirmed, with costs.
The plaintiff alleged that the defendant's vehicle struck her vehicle in the rear. Following the commencement of this action, summary judgment on the issue of liability was granted in favor of the plaintiff, and a damages trial ensued. In her trial testimony, the plaintiff described the impact of the accident as "very hard." Photographs of the plaintiff's vehicle, taken after the accident, were admitted into evidence without objection.
The plaintiff presented the testimony of an orthopedic surgeon who examined the
plaintiff shortly after the accident and found that the range of motion in the plaintiff's right shoulder "was diminished and painful." The orthopedic surgeon further testified that his records of the plaintiff's visits in 2012 listed no numerical values for the plaintiff's range of motion, and that he did not compare her range of motion to what would be considered a normal range of motion. The Supreme Court precluded the plaintiff's orthopedic surgeon from testifying that the accident imparted "tremendous energy" to the plaintiff's vehicle.
The plaintiff moved to enter into evidence a 30-second portion of a surveillance video recording of the accident taken by a security camera at a business adjacent to the accident scene. A "tech supervisor" employed by the business testified that he installed and maintained the security camera, but that he did not record the original video, nor did he copy the relevant portion of that video on to the disc that was proffered as evidence. He similarly did not know how the master recording was edited to produce the 30-second excerpt on the disc, and he did not testify that the [*2]excerpt was a true and accurate depiction of a portion of the master recording or that it depicted the entire recorded event in question. He also lacked any firsthand knowledge of who prepared the subject disc, or of how and when it was supplied to the plaintiff's attorneys. The Supreme Court precluded the video evidence, citing problems with its authentication and chain of custody.
The jury unanimously found that the plaintiff did not sustain a serious injury under the permanent consequential limitation of use, significant limitation of use, or significant disfigurement categories of Insurance Law § 5102(d). The Supreme Court issued a judgment in favor of the defendant and against the plaintiff, and dismissed the complaint. The plaintiff appeals.
Contrary to the plaintiff's contention, the Supreme Court providently exercised its discretion in precluding the proffered surveillance video excerpt. "Testimony from [a] videographer that he [or she] took the video, that it correctly reflects what he [or she] saw, and that it has not been altered or edited is normally sufficient to authenticate a videotape" (Zegarelli v Hughes, 3 NY3d 64, 69). Where the videographer is not called as a witness, the video can still be authenticated with testimony that the video "truly and accurately represents what was before the camera" (People v Byrnes, 33 NY2d 343, 349; see Zegarelli v Hughes, 3 NY3d at 69). Furthermore, "[e]vidence establishing the chain of custody of the videotape may additionally buttress its authenticity and integrity, and even allow for acceptable inferences of reasonable accuracy and freedom from tampering" (People v Patterson, 93 NY2d 80, 84; see Read v Ellenville Natl. Bank, 20 AD3d 408, 409). Here, given the inability of the witness to testify regarding the editing of the master recording and the accuracy of the video excerpt, and his lack of personal knowledge as to the creation of the proffered disc and how it came into the possession of the plaintiff's attorneys, we agree with the court's determination that the plaintiff failed to properly authenticate the video excerpt (see Read v Ellenville Natl. Bank, 20 AD3d at 409-410).
Additionally, the Supreme Court providently exercised its discretion in precluding the plaintiff's orthopedic surgeon from testifying that the accident imparted "tremendous energy" to the plaintiff's vehicle, since the witness was not a biomechanical engineer, and since he failed to quantify the amount of energy involved (see Plate v Palisade Film Delivery Corp., 39 AD3d 835, 837).
The plaintiff's contention that she was entitled to a missing witness charge is unpreserved for appellate review (see CPLR 4110-b).
In view of the foregoing, we do not address the plaintiff's remaining contention.
MASTRO, J.P., RIVERA, HINDS-RADIX and IANNACCI, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court