Narvaez v Wadsworth (2018 NY Slip Op 06475)





Narvaez v Wadsworth


2018 NY Slip Op 06475


Decided on October 2, 2018


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on October 2, 2018

Manzanet-Daniels, J.P., Tom, Webber, Oing, JJ.


7186 301183/07

[*1]Nelson Narvaez, Plaintiff-Respondent,
v
Ricky Wadsworth, et al., Defendants, Arai Helmet Americas, Inc., et al., Defendants-Appellants.


Wilson, Elser, Moskowitz, Edelman & Dicker LLP, New York (Patrick J. Lawless of counsel), for appellants.
The Adam Law Office, P.C., New York (Richard Adam of counsel), for respondent.



Order, Supreme Court, Bronx County (Mary Ann Brigantti, J.), entered on or about March 14, 2018, which, insofar as appealed from as limited by the briefs, denied defendants Arai Helmet Americas, Inc., Arai Helmet, Ltd., Inc. Arai Helmet Ltd., and Western Power Sports, Inc.'s (defendants) motion for summary judgment dismissing the complaint as against them, unanimously affirmed, without costs.
Plaintiff was injured in a motorcycle accident, in which the helmet he was wearing, allegedly manufactured and distributed by defendants, came loose from and failed to protect his head. The helmet's chin strap consisted of a long strap on one side of the helmet that was joined with a short strap on the other side. On the short strap were two D-rings through which the long strap could be threaded. Above the D-rings was the receiving half of a snap fastener, which, together with the "mating" half on the long strap, could be used to fasten the long strap to the short strap. Plaintiff had attempted to secure the helmet to his head using only the snap fastener. The motion court correctly declined to dismiss his claims against defendants for strict products liability and negligence, based on theories of design defect and failure to warn, and breach of the implied warranties of fitness and merchantability.
The court providently exercised its discretion in considering plaintiff's untimely opposition to defendants' motion, since defendants were able to submit a reply, and their assertions of prejudice are vague and unpersuasive (see Serradilla v Lords Corp., 117 AD3d 648, 649 [1st Dept 2014]).
The court correctly rejected defendants' contention that the danger of failing to secure the helmet with the D-rings was open and obvious as a matter of law and that therefore it did not render the helmet unfit for its intended use and they had no duty to warn of the danger or to design the helmet differently. That a danger is open and obvious does not preclude a design defect claim (Micallef v Miehle Co., Div. of Miehle-Goss Dexter, 39 NY2d 376, 384-385 [1976]). Defendants similarly failed to establish that the design of the chin strap did not breach their warranties of fitness and merchantability (see Denny v Ford Motor Co., 87 NY2d 248, 257-258 [1995]).
While there is no duty to warn of a hazard that is open and obvious and "readily apparent as a matter of common sense" (Liriano v Hobart Corp., 92 NY2d 232, 242 [1998]), the record presents issues of fact as to whether the danger of failing to use the D-rings and using only the snap fastener to secure the helmet is open and obvious (cf. Fisher v Flanigan, 89 AD3d 1398, 1399-1400 [4th Dept 2011] [danger of standing and moving about in a moving motor home is open and obvious], lv denied 19 NY3d 803 [2012]; Cwiklinski v Sears, Roebuck & Co., Inc., 70 [*2]AD3d 1477, 1479 [4th Dept 2010] [danger of placing hands near unguarded saw blade is open and obvious]; Felle v W.W. Grainger, Inc., 302 AD2d 971, 972-973 [4th Dept 2003] [danger of placing face in close proximity to unguarded, rapidly rotating split or hinged sanding wheel is open and obvious]; McMurry v Inmont Corp., 264 AD2d 470 [2d Dept 1999] [danger of placing hand near moving parts of industrial machine is open and obvious]; Pigliavento v Tyler Equip. Corp., 248 AD2d 840, 842 [3d Dept 1998] [danger of falling from unguarded platform edge is open and obvious], lv dismissed in part, denied in part 92 NY2d 868 [1998]).
We have considered defendants' remaining contentions and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: OCTOBER 2, 2018
CLERK