The People of the State of New York, Respondent,
against
Susan Facciarossa, Appellant. 




Fredrick P. Stern, for appellant.
Office of the Brookhaven Town Attorney, for respondent (no brief filed).

Appeal from a judgment of the District Court of Suffolk County, Sixth District (Janine A. Barbera-Dalli, J.), rendered July 17, 2018. The judgment convicted defendant, after a nonjury trial, of maintaining an accessory structure without a building permit in violation of Brookhaven Town Code § 85-12 (A).




ORDERED that the judgment of conviction is affirmed.
Insofar as is relevant to this appeal, following a nonjury trial, defendant was convicted of maintaining a rear addition without a building permit in violation of Brookhaven Town Code (Code) § 85-12 (A). On appeal, defendant contends, among other things, that the information is facially insufficient, that the judgment of conviction should be reversed because the District Court improperly allowed aerial photographs to be admitted into evidence at trial, that the application of Code § 85-12 (A) was an unconstitutional ex post facto application, and that the District Court improperly sentenced her to, and directed her to execute, a conditional discharge.
Code § 85-12 (A), "Issuance of building permits and universal design permit to build; restrictive covenants," states, in part, that:
"No building or structure shall be erected[,] altered or maintained until a building permit or universal design permit therefor has been issued by the Chief Building Inspector" (emphasis added).
The factual portion of the information alleges, among other things, that defendant owned the property in question where the inspector observed a rear addition and, upon a search of the Town of Brookhaven building department records, the inspector did not find a permit on file for the addition.
Contrary to defendant's contention, the information does not have to allege when the addition was constructed; it has to allege only that defendant maintained the addition. The factual [*2]allegations that the town inspector had observed a rear addition on defendant's property, and that no permit had been issued for the addition, sufficiently set forth allegations of fact of an evidentiary character that establish, if true, every element of the offense charged (see CPL 100.15 [3]; 100.40 [1] [c]; People v Jones, 9 NY3d 259, 261-263 [2007]; People v Casey, 95 NY2d 354 [2000]; People v Alejandro, 70 NY2d 133 [1987]). Defendant's reliance on People v M. Santulli, LLC (28 Misc 3d 136[A], 2010 NY Slip Op 51449[U] [App Term, 2d Dept, 9th & 10th Jud Dists 2010]) is misplaced since the Code section involved therein at that time did not require a permit to "maintain" a property; rather, a permit was required to install, enlarge or alter property.
At the trial, the town inspector testified that, after she had received a complaint of an illegal addition on defendant's property, she checked the records of the Town of Brookhaven (Town) and observed a 2007 aerial photograph which depicted a deck at the rear of the house on the property, and a 2010 aerial photograph that depicted an addition at the rear of the house. She also testified that she went to the property and observed a 25 foot by 20 foot addition "where the deck had been in the 2007 picture"; that the last building permit on file for the property was for the continuation of work on, among other things, a 24 foot by 30 foot deck at the rear of the house; that a survey, dated July 5, 2000, which was in existence at the time of the last building permit, depicts a 24 foot by 30 foot deck at the rear of the house, which deck was no longer on the property; and that the Town's records do not include a demolition permit for the deck or a building permit for the addition. The defense presented no witnesses.
Defendant contends that the judgment of conviction should be reversed because the 2007 aerial photograph (depicting a deck, but not an addition) and the 2010 aerial photograph (depicting an addition, but not a deck) were improperly admitted into evidence at trial since the People failed to lay a proper foundation for the admission of the photographs. Aerial photographs are generally admissible "as a depiction of a fact in issue upon proof of its accuracy by the photographer or upon testimony of one with personal knowledge that the photograph accurately represents that which it purports to depict" (Corsi v Town of Bedford, 58 AD3d 225, 228 [2008]; see also People v Patterson, 93 NY2d 80, 84 [1999]). As in Corsi, here, the People were unable to present a witness with knowledge of the property in 2007 and 2010 and, therefore, they offered aerial photographs as hearsay statements admissible under the business records exception to the hearsay rule (see CPLR 4518 [a]). The People offered the photographs into evidence upon the testimony of the town inspector, who testified that the photographs "fairly and accurately depict what you saw when you looked at it," the photographs "are kept for governmental purpose," it is "in the ordinary regular course of business to make and keep that record," and the "record [was] made on or about the time of its creation," and it is "routinely done by the Town of Brookhaven."
Upon voir dire by defense counsel, after the town inspector was asked if she had taken the aerial photographs, she testified that she had printed the photographs but "[s]omeone for the town" had taken the photographs. As the inspector provided no testimony regarding the circumstances under which the photographs were taken, the People failed to show that the photographs were taken by a person under a business duty to report (see Corsi v Town of Bedford, 58 AD3d at 232; Read v Ellenville Natl. Bank, 20 AD3d 408, 409-410 [2005]). Also, since the inspector testified that she did not observe a deck on the property when she observed the addition, she could not testify that the 2007 photograph fairly and accurately depicted the [*3]deck.
In view of the foregoing, the aerial photographs should not have been admitted into evidence. Nevertheless, the error was harmless in view of the overwhelming evidence of defendant's guilt and as there is no significant probability that defendant would have been acquitted but for the admission of the aerial photographs (see People v Crimmins, 36 NY2d 230, 241-242 [1975]). Defendant's guilt was established, beyond a reasonable doubt, by the town inspector's testimony that she had observed a 25 foot by 20 foot addition at the rear of defendant's house and that no building permit had been issued for the addition, along with the building permit and survey included in People's Exhibit 4, which establish that a 25 foot by 30 foot deck had been located at the rear of defendant's house in 2000. Consequently, defendant's contention that the Code § 85-12 (A) charge was an unconstitutional ex post facto application because the rear addition was constructed prior to the May 7, 1990 effective date of chapter 85 of the Code lacks merit.
With respect to defendant's sentence of, among other things, a conditional discharge, we note that "in addition to other remedies provided by law," based on defendant's violation of the Code, "any appropriate action or proceeding may be instituted or taken [by the Town] to correct or abate such violation" (see Code § 85-157 [A]). Here, the Town clearly sought to correct the violation through a conditional discharge by which defendant was to obtain a permit and certificate of occupancy for the rear addition in a finite amount of time. Defense counsel negotiated the terms of that conditional discharge, defendant signed and agreed to it, and we find no basis to disturb it. Defendant's remaining contentions are unpreserved for appellate review or lack merit.
Accordingly, the judgment of conviction is affirmed.
ADAMS, P.J., TOLBERT and GARGUILO, JJ., concur.
ENTER:
Paul Kenny
Chief Clerk
Decision Date: December 19, 2019