People v Taylor (2022 NY Slip Op 02025)





People v Taylor


2022 NY Slip Op 02025


Decided on March 23, 2022


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 23, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ANGELA G. IANNACCI, J.P.
ROBERT J. MILLER
JOSEPH J. MALTESE
WILLIAM G. FORD, JJ.


2019-03240
 (Ind. No. 2394/17)

[*1]The People of the State of New York, respondent,
v
Darren Taylor, appellant.


Patricia Pazner, New York, NY (Alexis Ascher of counsel; Ryan Miller on the brief), for appellant.
Eric Gonzalez, District Attorney, Brooklyn, NY (Leonard Joblove and Sholom J. Twersky of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Kings County (John T. Hecht, J.), rendered February 14, 2019, convicting him of criminal possession of a weapon in the second degree and criminal possession of a firearm (two counts), upon a jury verdict, and imposing sentence.
ORDERED that the judgment is affirmed.
Contrary to the defendant's contention, surveillance video obtained from a deli and admitted into evidence at trial was properly authenticated by testimony from the police detective who obtained and downloaded the video recording. The detective testified that he personally copied the store video from the surveillance system, verified that the surveillance system was in operation and that the time stamp was accurate, and testified to the unaltered condition of the video (see People v Grant, 170 AD3d 888; People v Martinez, 164 AD3d 1260, 1262-1263).
The defendant's contention that the Supreme Court erred in admitting into evidence a photograph of the defendant which was obtained from a social media site is without merit. The proper foundation for a photograph can be established through testimony that the photograph "accurately represent[s] the subject matter depicted," by a person "having the requisite knowledge of the facts" (People v Byrnes, 33 NY2d 343, 347; see People v Price, 29 NY3d 472, 477). Here, the police officer who obtained the subject photograph testified that it accurately depicted the defendant as he appeared in the relevant time period, based upon the officer's repeated contacts with the defendant over a lengthy period of time and his repeated personal observations of the defendant wearing a distinctive jacket that was depicted in the photograph (see People v Franzese, 154 AD3d 706; see also People v Jordan, 181 AD3d 1248, 1249).
Contrary to the defendant's contention, the Supreme Court did not violate its obligations under CPL 310.30 and People v O'Rama (78 NY2d 270, 277-278) in responding to a jury note, as the subject note merely requested an evidentiary exhibit and defense counsel had previously agreed that the court could furnish the jury with exhibits upon its request, without reconvening (see People v Damiano, 87 NY2d 477, 487; People v Cooper, 193 AD3d 966, 967; People v Nunez-[*2]Garcia, 178 AD3d 1087, 1090). Further, "the defendant's speculation that the requested item[ ] [was] not provided to the jury is insufficient to rebut the presumption of regularity in the proceedings" (People v Nunez-Garcia, 178 AD3d at 1090).
The defendant's contentions regarding the admission of a compilation video and certain DNA evidence, and the Supreme Court's failure to deliver a circumstantial evidence charge, are unpreserved for appellate review, and we decline to reach them in the exercise of our interest of justice jurisdiction.
The defendant's remaining contention is without merit.
IANNACCI, J.P., MILLER, MALTESE and FORD, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court