Rosa v Gordils (2022 NY Slip Op 07466)

Rosa v Gordils

2022 NY Slip Op 07466

Decided on December 28, 2022

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on December 28, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ANGELA G. IANNACCI, J.P.
ROBERT J. MILLER
LINDA CHRISTOPHER
BARRY E. WARHIT, JJ.

2020-09539
 (Index No. 518163/19)

[*1]Megan Rosa, plaintiff-appellant, 
v
Serena Gordils, defendant-appellant, Wen Xu, respondent.

Ikhilov & Associates (Pollack, Pollack, Isaac & DeCicco, LLP, New York, NY [Brian J. Isaac and Greg Freedman], of counsel), for plaintiff-appellant.
William S. Boorstein, New York, NY (Lynne M. Nolan of counsel), for defendant-appellant.
Jennifer S. Adams, Yonkers, NY (Richard A. Reinstein of counsel), for respondent.

DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals, and the defendant Serena Gordils separately appeals, from an order of the Supreme Court, Kings County (Bruce M. Balter, J.), dated September 17, 2020. The order, insofar as appealed from by the plaintiff, granted that branch of the motion of the defendant Wen Xu which was for summary judgment dismissing the complaint insofar as asserted against him. The order, insofar as appealed from by the defendant Serena Gordils, granted that branch of the motion of the defendant Wen Xu which was for summary judgment dismissing all cross claims insofar as asserted against him.
ORDERED that the order is reversed, on the law, with one bill of costs, and the motion of the defendant Wen Xu for summary judgment dismissing the complaint and all cross claims insofar as asserted against him is denied.
On May 9, 2019, the plaintiff was a passenger in a vehicle owned and operated by the defendant Serena Gordils, which collided with a vehicle owned and operated by the defendant Wen Xu at an intersection in Queens. Gordils was making a left turn at the intersection at the time of the accident. In August 2019, the plaintiff commenced this action against Wen Xu and Gordils to recover damages for personal injuries she allegedly sustained in the accident. Gordils filed an answer, asserting, inter alia, a cross claim against Wen Xu.
Wen Xu moved for summary judgment dismissing the complaint and all cross claims insofar as asserted against him. In an order dated September 17, 2020, the Supreme Court granted the motion. The plaintiff and Gordils separately appeal.
"On a motion for summary judgment, the moving party has the initial burden of coming forward with sufficient proof in admissible form to enable the court to determine that it is entitled to judgment as a matter of law" (Gesuale v Campanelli & Assoc., P.C., 126 AD3d 936, 937). "'Defendants moving for summary judgment in a negligence action arising out of an automobile accident have the burden of establishing, prima facie, that they were not at fault in the happening of [*2]the accident'" (Elusma v Jackson, 186 AD3d 1326, 1327-1328, quoting Nesbitt v Gallant, 149 AD3d 763, 763). "There [may] be more than one proximate cause of an accident, and, [g]enerally, it is for the trier of fact to determine the issue of proximate cause" (Choo v Virginia Transp. Corp., 204 AD3d 743, 744 [internal quotation marks omitted]; see Shuofang Yang v Sanacore, 202 AD3d 1120, 1121). "[T]he issue of proximate cause may be decided as a matter of law where only one conclusion may be drawn from the established facts" (Rodriguez v Palacio, 199 AD3d 728, 732 [internal quotation marks omitted]).
Pursuant to Vehicle and Traffic Law § 1141, "[t]he driver of a vehicle intending to turn . . . left within an intersection . . . shall yield the right of way to any vehicle approaching from the opposite direction which is within the intersection or so close [to it] as to constitute an immediate hazard." "The operator of a vehicle with the right-of-way is entitled to assume that the opposing driver will obey the traffic laws requiring him or her to yield" (Kassim v Uddin, 119 AD3d 529, 530). "However, a driver who has the right-of-way has a duty to exercise reasonable care to avoid a collision with another vehicle that allegedly failed to yield the right-of-way" (Reyes v Marchese, 96 AD3d 926, 927; see Mu-Jin Chen v Cardenia, 138 AD3d 1126, 1127).
Here, Wen Xu failed to demonstrate his prima facie entitlement to judgment as a matter of law, as he failed to establish that he was free from fault in the happening of the accident. In support of his motion, Wen Xu submitted, inter alia, an uncertified police accident report, photographs, a dashboard video camera recording, and his own affidavit. However, the uncertified police accident report constitutes inadmissible hearsay evidence (see Yassin v Blackman, 188 AD3d 62, 65-67). The photographs and dashboard video camera recording are similarly inadmissible, as they were not properly authenticated (see People v Price, 29 NY3d 472, 477; People v Patterson, 93 NY2d 80, 84; People v Taylor, 203 AD3d 1081, 1082; Read v Ellenville Natl. Bank, 20 AD3d 408, 409). Moreover, Wen Xu's affidavit was insufficient to establish his prima facie entitlement to judgment as a matter of law as it failed to eliminate triable issues of fact with regard to whether he was free from fault in the happening of the accident (see generally Simmons v Canady, 95 AD3d 1201, 1202-1203). Wen Xu failed to establish that he "took reasonable care to avoid the collision" with the other vehicle (Tornabene v Seickel, 186 AD3d 645, 647; see also Rodriguez v Klein, 116 AD3d 939, 940).
Accordingly the Supreme Court should have denied Wen Xu's motion for summary judgment dismissing the complaint and all cross claims insofar as asserted against him, regardless of the sufficiency of the opposition papers (see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851).
The plaintiff's remaining contention is without merit.
IANNACCI, J.P., MILLER, CHRISTOPHER and WARHIT, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court