Keene v Rosas (2023 NY Slip Op 02112)

Keene v Rosas

2023 NY Slip Op 02112

Decided on April 26, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on April 26, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
ROBERT J. MILLER
LINDA CHRISTOPHER
JANICE A. TAYLOR, JJ.

2020-04950
 (Index No. 713058/15)

[*1]Bernard Keene, appellant, 
v
Rafaela A. Rosas, defendant, Nemet Motors, LLC, respondent.

Davidoff Law, P.C., Forest Hills, NY (Mark Peter Getzoni of counsel), for appellant.
Gannon, Rosenfarb & Drossman, New York, NY (Lisa L. Gokhulsingh of counsel), for respondent.

DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Queens County (Frederick D.R. Sampson, J.), entered May 21, 2020. The order granted the motion of the defendant Nemet Motors, LLC, for summary judgment dismissing the complaint insofar as asserted against it.
ORDERED that the order is affirmed, with costs.
In April 2014, the plaintiff, while walking out from a waiting room that was adjacent to a service/garage area at an automobile dealership owned by the defendant Nemet Motors, LLC (hereinafter Nemet Motors), allegedly was injured when he was struck by a motor vehicle owned and operated by the defendant Rafaela A. Rosas, a customer, as she was leaving the dealership. The plaintiff commenced the instant action against the defendants to recover damages for personal injuries alleging, inter alia, that he was struck by Rosas's vehicle due to the negligence of Nemet Motors and/or its employees.
Nemet Motors moved for summary judgment dismissing the complaint insofar as asserted against it. In an order entered May 21, 2020, the Supreme Court granted the motion, and the plaintiff appeals.
"'To establish a prima facie case of negligence, a plaintiff must establish the existence of a duty owed by a defendant to the plaintiff, a breach of that duty, and that such breach was a proximate cause of injury to the plaintiff'" (Donatien v Long Is. Coll. Hosp., 153 AD3d 600, 600, quoting Alvino v Lin, 300 AD2d 421, 421; see Greenbaum v Bare Meats, Inc., 178 AD3d 775, 776; Ortega v Liberty Holdings, LLC, 111 AD3d 904, 905; Rubin v Staten Is. Univ. Hosp., 39 AD3d 618). If there is no duty of care owed by the defendant to the plaintiff, there can be no breach and, consequently, no liability can be imposed upon the defendant (see Pulka v Edelman, 40 NY2d 781, 782; Donatien v Long Is. Coll. Hosp., 153 AD3d at 601).
Initially, contrary to the plaintiff's contention, surveillance video footage of the accident, which was submitted in support of the motion, was properly considered by the Supreme Court. It is well-settled that a video recording "may be authenticated by the testimony of a witness [*2]to the recorded events . . . that the video[ ] accurately represents the subject matter depicted" (People v Patterson, 93 NY2d 80, 84). Here, the surveillance video was properly authenticated by one of the participants to the events, namely, the plaintiff. When questioned about the surveillance video at his deposition, the plaintiff identified himself on the video and testified that it accurately depicted the accident, including the moments immediately before and after the impact. Similarly, at her deposition, Rosas testified that she had previously seen the surveillance video, and that it accurately depicted the accident. Nemet Motors, thus, laid a sufficient foundation for admissibility, and the court providently exercised its discretion in considering the video.
Nemet Motors established its prima facie entitlement to judgment as a matter of law by submitting, inter alia, the surveillance video and the transcripts of the parties' deposition testimony, which demonstrated that the conduct of its employees was not a proximate cause of the accident. Nemet Motors additionally established that any alleged failure to warn was not a proximate cause of the plaintiff's injuries because the danger inherent in motor vehicles passing through the dealership's garage/service area was "open and obvious or, at the least, readily discernible by use of the senses" (McMurry v Inmont Corp., 264 AD2d 470, 471). Hence, under the circumstances of this case, "[a]ny warning would have only alerted [the plaintiff] to what he already knew" about the danger (Tkeshelashvili v State of New York, 18 NY3d 199, 205; see Sekkat v Huitres NYC, Inc., 156 AD3d 738, 739; McMurry v Inmont Corp., 264 AD2d at 471). In opposition, the plaintiff failed to raise a triable issue of fact (see Alvarez v Prospect Hosp., 68 NY2d 320, 324).
Accordingly, the Supreme Court properly granted the motion of Nemet Motors for summary judgment dismissing the complaint insofar as asserted against it.
RIVERA, J.P., MILLER, CHRISTOPHER and TAYLOR, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court