People v Figueroa (2023 NY Slip Op 23352)

[*1]

People v Figueroa (Jasmin)

2023 NY Slip Op 23352

Decided on November 15, 2023

Appellate Term, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the printed Miscellaneous Reports.

Decided on November 15, 2023
SUPREME COURT, APPELLATE TERM, FIRST DEPARTMENT

PRESENT: Hagler, P.J., Tisch, J.

570653/16
The People of the State of New York, Respondent, 
against
Jasmin Figueroa, Defendant-Appellant.

Defendant appeals from a judgment of the Criminal Court of the City of New York, New York County (Ann E. Scherzer, J.), rendered August 3, 2016, after a jury trial, convicting her of petit larceny, and imposing sentence.

Per Curiam.
Judgment of conviction (Ann E. Scherzer, J.), rendered August 3, 2016, affirmed.
The verdict convicting defendant of petit larceny (see Penal Law § 155.25) was supported by legally sufficient evidence and was not against the weight of the evidence, which showed that defendant stole several items of clothing from complainant, for whom she worked as a nanny. 
The court providently exercised its discretion in denying defendant's challenge for cause to a prospective juror who indicated that when she was a child, a nanny had stolen wine from her family (see People v Warrington, 28 NY3d 1116, 1120-1121 [2016]; People v Arnold, 96 NY2d 358, 362-363 [2001]). The prospective juror's statements in totality and in context (see People v Warrington, 28 NY3d at 1120), provided an unequivocal assurance that she could be fair and not be influenced by the crime committed against her family (see People v Chambers, 97 NY2d 417, 419 [2002]; People v Toledo, 101 AD3d 571 [2012], lv denied 21 NY3d 947 [2013]). Her family's victimization occurred far in the past and did not have any emotional impact on the prospective juror, and her assurances of impartiality were sufficient (see People v Feliciano, 285 AD2d 371 [2001], lv denied 96 NY2d 939 [2001]). Nor were these assurances rendered equivocal by her use of the phrase "I think" (see People v Chambers, 97 NY2d at 419; People v Jacobs, 108 AD3d 411 [2013], lv denied 22 NY3d 1139 [2014]).
Defendant failed to preserve her claim that Facebook photographs of her wearing the complainant's clothing were insufficiently authenticated, and we decline to review it in the interest of justice. As an alternative holding, we find that complainant sufficiently authenticated the photographs (see People v Taylor, 203 AD3d 1081, 1082 [2022], lv denied 38 NY3d 1075 [2022]; People v Jordan, 181 AD3d 1248, 1249-1250 [2020], lv denied 35 NY3d 1067 [2020]). [*2]Moreover, the record demonstrates that the People could have further established authentication if defendant had objected "at a time when the error complained of could readily have been corrected" (People v Robinson, 36 NY2d 224, 228 [1975]; see People v Williams, 192 AD3d 487, 487-488 [2021], lv denied 37 NY3d 961 [2021]).
THIS CONSTITUTES THE DECISION AND ORDER OF THE COURT.
I concur I concur
Decision Date: November 15, 2023