People v Abrams (2024 NY Slip Op 05108)

People v Abrams

2024 NY Slip Op 05108

Decided on October 16, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on October 16, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ANGELA G. IANNACCI, J.P.
JOSEPH J. MALTESE
LILLIAN WAN
JAMES P. MCCORMACK, JJ.

2020-06392
 (Ind. No. 700/17)

[*1]The People of the State of New York, respondent,
v
Sebastian L. Abrams, appellant.

Barket Epstein Kearon Aldea & Loturco, LLP, Garden City, NY (Donna Aldea and Danielle Muscatello of counsel), for appellant.
Melinda Katz, District Attorney, Kew Gardens, NY (Johnnette Traill and Amanda Iannuzzi of counsel), for respondent.

DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Queens County (Deborah Stevens Modica, J.), rendered July 15, 2020, convicting him of attempted murder in the second degree and criminal possession of a weapon in the second degree, upon a jury verdict, and imposing sentence.
ORDERED that the judgment is affirmed.
The defendant was convicted, after a jury trial, of attempted murder in the second degree and criminal possession of a weapon in the second degree, stemming from a shooting that occurred on a public street in Queens County.
The defendant contends that the Supreme Court erred in admitting into evidence certain surveillance video footage proffered by the People. "Relevant videotapes and technologically generated documentation are ordinarily admissible under standard evidentiary rubrics," and "[t]he decision to admit or exclude videotape evidence generally rests . . . within a trial court's founded discretion" (People v Patterson, 93 NY2d 80, 84). A video may be authenticated through "testimony that the video truly and accurately represents what was before the camera" (Torres v Hickman, 162 AD3d 821, 823 [internal quotation marks omitted]; see People v Patterson, 93 NY2d at 84; Keene v Rosas, 215 AD3d 938, 939; Read v Ellenville Natl. Bank, 20 AD3d 408, 409). "Evidence establishing the chain of custody of the videotape may additionally buttress its authenticity and integrity, and even allow for acceptable inferences of reasonable accuracy and freedom from tampering" (People v Patterson, 93 NY2d at 84; see Torres v Hickman, 162 AD3d at 823).
Here, the detective who retrieved the surveillance videos testified that, during his investigation, he had personally watched the videos to determine whether they were relevant to the investigation and had downloaded each relevant video onto a thumb drive. The detective confirmed that the videos proffered at trial were in the same or substantially same condition as they were when they were downloaded. Additionally, the victim testified that the videos accurately depicted the events of the shooting. Under the circumstances, the Supreme Court properly admitted the videos (see Keene v Rosas, 215 AD3d at 939; People v Taylor, 203 AD3d 1081, 1082; People v Grant, 170 [*2]AD3d 888, 890).
The defendant additionally contends that he was deprived of a fair trial because the Supreme Court prevented defense counsel from making certain comments during his closing argument and admonished defense counsel in front of the jury during certain points in the trial. "'A closing argument is a basic element of a defense in a criminal trial'" (People v Aponte, 204 AD3d 1031, 1034, quoting People v Reina, 94 AD2d 727, 728; see People v Kennedy, 177 AD3d 628, 630). "'The right of the defense to make an effective closing argument is substantially impaired when counsel is unjustifiably limited or repeatedly interrupted while making appropriate comment on matters of evidence adduced at trial'" (People v Aponte, 204 AD3d at 1034, quoting People v Reina, 94 AD3d at 728; see People v Gibian, 76 AD3d 583, 588). Moreover, "while a trial judge may intervene in a trial to . . . facilitate the orderly and expeditious progress of the trial, the court may not take on 'the function or appearance of an advocate'" (People v Mitchell, 184 AD3d 875, 876, quoting People v Arnold, 98 NY2d 63, 67).
Here, the Supreme Court providently exercised its discretion when it precluded the defendant from making certain arguments during summation, as those arguments were either speculative or not supported by evidence in the record (see People v Kennedy, 177 AD3d at 630; People v Alicea, 159 AD3d 532, 533). Additionally, the court's admonishments of defense counsel in front of the jury did not give the appearance of partiality and were justified by defense counsel's misconduct during the trial, including his repeated lateness to court and his persistent disregard of the court's evidentiary rulings (see People v Martin, 33 AD3d 1024, 1025; People v Cuba, 154 AD2d 703, 704).
Contrary to the defendant's further contention, the admission of evidence at trial regarding two out-of-court photo array identifications did not deprive him of a fair trial since defense counsel opened the door to the admission of such evidence during his opening statement. Admission of the photo arrays was warranted to correct the misimpression created during defense counsel's opening statement that no witness had identified the defendant (see People v Stuart, 137 AD3d 1171, 1172; People v Weathers, 124 AD3d 702, 703; People v Vasquez, 33 AD3d 636, 637).
The sentence imposed was not excessive (see People v Suitte, 90 AD2d 80).
The defendant's remaining contentions are without merit.
IANNACCI, J.P., MALTESE, WAN and MCCORMACK, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court