Scarsella v Liberty Coca-Cola Beverages, LLC (2024 NY Slip Op 05469)

Scarsella v Liberty Coca-Cola Beverages, LLC

2024 NY Slip Op 05469

Decided on November 6, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on November 6, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

JOSEPH J. MALTESE, J.P.
LARA J. GENOVESI
LILLIAN WAN
DONNA-MARIE E. GOLIA, JJ.

2023-07791
 (Index No. 151711/21)

[*1]Cynthia Scarsella, appellant, 
v
Liberty Coca-Cola Beverages, LLC, respondent, et al., defendant.

Shakhnevich Law Group, P.C., Brooklyn, NY (Steven Shakhnevich and Andrei A. Popescu of counsel), for appellant.
Lewis Brisbois Bisgaard & Smith LLP, New York, NY (Zachary Candelaria of counsel), for respondent.

DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Richmond County (Lizette Colon, J.), dated May 25, 2023. The order granted the motion of the defendant Liberty Coca-Cola Beverages, LLC, for summary judgment dismissing the complaint insofar as asserted against it.
ORDERED that the order is reversed, on the law, with costs, and the motion of the defendant Liberty Coca-Cola Beverages, LLC, for summary judgment dismissing the complaint insofar as asserted against it is denied.
On April 17, 2021, the plaintiff allegedly sustained personal injuries when she attempted to exit from her parked vehicle. The plaintiff alleged that her driver's side door was struck by a truck owned by the defendant Liberty Coca-Cola Beverages, LLC (hereinafter Liberty). Liberty's employee Alex Doyle, who was operating the truck, alleged that no contact had occurred. The plaintiff commenced this action against Liberty and another defendant. Liberty moved for summary judgment dismissing the complaint insofar as asserted against it, contending that the plaintiff's negligence in opening the driver's side door of her parked vehicle in violation of Vehicle and Traffic Law § 1214 was the sole proximate cause of the accident. The Supreme Court granted the motion. The plaintiff appeals.
The plaintiff's contention that Liberty's failure to annex a copy of its answer to its motion papers was a fatal defect is without merit. The pleadings were electronically filed and available to the Supreme Court and the parties, and in reply, Liberty provided the docket number of the answer on the e-filing system. Hence, the Supreme Court properly disregarded Liberty's omission (see CPLR 2001, 2214[c]; Flushing AV Laundromat, Inc. v Dekao Qu, 229 AD3d 516, 518; Sensible Choice Contr., LLC v Rodgers, 164 AD3d 705, 706-707).
"'A defendant moving for summary judgment in a negligence action has the burden of establishing, prima facie, that [it] was not at fault in the happening of the subject accident'" (Angelastro v Dyer, 230 AD3d 627, 628, quoting Galloway v Lux Credit Consultants, LLC, 224 AD3d 891, 892). "There can be more than one proximate cause of an accident, and a defendant [*2]moving for summary judgment must show that it is free from fault" (Greene v Peets, 217 AD3d 927, 928-929 [internal quotation marks omitted]). Pursuant to Vehicle and Traffic Law § 1214, "[n]o person shall open the door of a motor vehicle on the side available to moving traffic unless and until it is reasonably safe to do so, and can be done without interfering with the movement of other traffic."
Here, Liberty failed to demonstrate its prima facie entitlement to judgment as a matter of law. In support of its motion, Liberty submitted, inter alia, transcripts of the deposition testimony of the plaintiff and Doyle and a still photograph from a dashboard video camera recording. The still photograph was inadmissible as it was not properly authenticated (see Rosa v Gordils, 211 AD3d 1060, 1061). Moreover, Liberty failed to establish, prima facie, that Doyle was free from fault in the happening of the accident or that his alleged negligence was not a proximate cause of the accident.
Accordingly, the Supreme Court should have denied Liberty's motion for summary judgment dismissing the complaint insofar as asserted against it, without regard to the sufficiency of the opposition papers (see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853).
MALTESE, J.P., GENOVESI, WAN and GOLIA, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court