Yagual v Hudson Canal LLC (2025 NY Slip Op 06676)

Yagual v Hudson Canal LLC

2025 NY Slip Op 06676

Decided on December 02, 2025

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: December 02, 2025

Before: Manzanet-Daniels, J.P., Moulton, Gesmer, Rosado, Hagler, JJ. 

Index No. 24640/20|Appeal No. 5249|Case No. 2024-07911|

[*1]Henry S. Yagual, Plaintiff-Respondent,
v
Hudson Canal LLC, et al., Defendants-Appellants, Canal Hudson LLC, et al., Defendants.

Strikowsky Drachman & Shapiro PLLC, New York (Sim R. Shapiro of counsel), for appellants.
Oresky & Associates, PLLC, Bronx (Michael Cassell of counsel), for respondent.

Order of the Supreme Court, Bronx County (Myrna Socorro, J.), entered on or about November 21, 2024, which granted plaintiff's motion for summary judgment on liability on his Labor Law §§ 240(1) and 241(6) claims and denying the motion of defendants Hudson Canal LLC and Express Builders JB Inc. for summary judgment dismissing the complaint, unanimously affirmed, without costs.
Plaintiff alleges that he was injured after falling from an A-frame ladder as he was working at a construction project. According to plaintiff, he informed the foreman that the rubber feet were missing on part of the ladder, but the foreman instructed him to do the work nevertheless. Plaintiff testified that as he was working, the ladder moved to the right side and he fell off it backwards, landing on his back on the floor.
Plaintiff established his entitlement to summary judgment as to liability on his Labor Law § 240 claim by submitting his deposition testimony in which he stated that the ladder moved as he stood on it, causing him to fall (see Ocana v Quasar Realty Partners L.P., 137 AD3d 566, 567 [1st Dept 2016], lv dismissed 27 NY3d 1078 [2016]; Plywacz v 85 Broad Street LLC, 159 AD3d 543, 544 [1st Dept 2018]). This evidence was sufficient to establish a prima facie case (see Plywacz, 159 AD3d at 544; Concepcion v 333 Seventh LLC, 162 AD3d 493, 494 [1st Dept 2018]). Plaintiff is not obliged to make an affirmative showing that the ladder was defective (see Rodas-Garcia v NYC United LLC, 225 AD3d 556, 556 [1st Dept 2024]).
In opposition, defendants failed to rebut plaintiff's prima facie showing. Despite defendants' assertion otherwise, no issues of fact arise from alleged discrepancies between plaintiff's account and a video of the accident location, taken approximately 15 minutes after the accident. Although plaintiff testified that he was the person shown in the video, he never authenticated the video, as he did not testify that the scene looked the same as it did immediately after he fell (cf. Keene v Rosas, 215 AD3d 938, 939 [2d Dept 2023]). On the contrary, plaintiff testified that the ladder in the video did not have lettering like the one he was using on the day of the accident, and there is no other testimony in the record authenticating the video as accurately showing the accident scene. In any event, even assuming plaintiff was wrong about certain details of the incident, minor inconsistencies in plaintiff's version of events are insufficient to rebut his prima facie entitlement to summary judgment, and defendants have offered no evidence that contradicts plaintiff's account of the accident or raises credibility issues (see Rodriguez v Forest City Jay St. Assocs., 234 AD2d 68, 69-70 [1st Dept 1996]; Robinson v NAB Constr. Corp., 210 AD2d 86, 87 [1st Dept 1994]).
In light of our determination in plaintiff's favor on his Labor Law § 240(1) claim, his remaining claims are academic (see e.g. Malan v FSJ Realty Grp. II LLC, 213 AD3d 541, 542 [1st Dept 2023]).
We have considered defendants' remaining contentions and find them unavailing.THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: December 2, 2025